## J. & J. FREELAND vs. SOUTHWORTH.

As between a *vendor* and *vendee* of land upon which there was a dwelling house without a fire-place, and without a chimney except from the chamber floor, IT WAS HELD, that a *stove* from which went a pipe into the lower end of the chimney was not a *fixture*, and did not pass with the land to the purchaser.

ERROR from the Tompkins common pleas. *Southworth* brought an action of trespass before a justice against the two *Freelands*, for taking and carrying away a *stove* and *pipe ;* and on a trial, judgment was rendered for the plaintiff, which the defendants removed into the common pleas by *certiorari,* where the judgment was affirmed, and the defendants now bring error. The *sole* question on the trial was, whether the stove, as between the vendor and vendee of real estate, was a fixture and passed to the plaintiff as a purchaser. The facts were undisputed. One of the defendants sold and conveyed to the plaintiff a farm on which there was a dwelling house, and agreed to give possession soon afterwards. There was no fire-place in the house, *and no chimney, except from the chamber floor upwards. The [ *192 ] pipe went directly upward from the stove into the lower end of the chimney, where it was fastened by putting pieces of bricks around it. The defendants removed the pieces of brick and took down the stove pipe, without doing any damage to the chimney, and carried away the property. Before the justice and in the common pleas it was held that the stove and pipe passed to the plaintiff by the deed.

*Freer & Love*, for plaintiffs in error.

*H. S. Walbridge*, for defendant in error.

*By the Court*, BRONSON. We have recently had occasion to examine this subject very much at large, in a case between tenants in common on a partition of their property ; and it would be useless to review the numerous cases in relation to fixtures a second time. *Walker* v. *Sherman*, 20 *Wendell*, 636. I think the stove and pipe were not affixed to the freehold, and

did not pass by the conveyance of the land to the plaintiff. It is not alleged that the stove was fastened to the building in any manner whatever, and the temporary fastenings about the pipe were such as could be removed without the slightest injury to the chimney. In *Goddard* v. *Chase*, 7 *Mass. R.* 432, on which the plaintiff relies, the stoves were set in the chimnies so that it was necessary to pull down the fire-places to get them out. Stoves put up in such a manner that they can be removed at pleasure, and without injury to the building, have never been considered a part of the freehold in this state. *See* 2 *R. S.* 367, § 22, and *p.* 83, § 9, 10.

It is said, that although a stove put up in the manner this was, would not, under ordinary circumstances, pass with the freehold ; yet, as there was no fire-place in the house, the stove was a necessary part of the building, and must have been so designed by the builder. The fact that there was no fire-place, only proves that the building was less perfect than it might have been made. It has, I think, no *tendency to prove that the stove was a part of the freehold. The same mode of reasoning would go far to show, that bricks prepared for the construction of a chimney, if that were wholly wanting, would pass with the house ; or, if there had been neither stove nor fire-place, that the iron bake kettle, used as a substitute, would be a fixture. It is very probable that the builder supposed a stove would be used instead of a fire place ; but if he did not put up a stove and make it part of the house, his design can have no influence upon the question.

[ *193 ]

I see nothing to distinguish this from the ordinary case of stoves put up in such a manner that they can be removed and replaced, or others substituted, at pleasure, without in any way impairing the building. The stove was a part of the furniture of the house, which the vendor had a right to remove with his other goods.

Judgments reversed.