# CASES

IN THE

# SUPREME JUDICIAL COURT,

IN THE

COUNTY OF OXFORD, MAY TERM, 1841.

## LEVI FOLSOM *versus* DEXTER B. MOORE.

*The owner of real estate may sell whatever is capable of severance and such sale is a license to enter and remove the property sold.*

*A tenant at will, upon the termination of his tenancy, has the right of ingress and egress, so far as may be necessary for the purpose of removing his goods and personal property.*

THIS was an action of trespass for breaking and entering the plaintiff's close, in Lovel, and carrying away from his dwellinghouse a Franklin stove. The writ is dated May 28, 1839.

The plaintiff proved that on the 10th of August, 1835, he was the owner of the premises described in the writ — and that on that day he conveyed the same to Jonathan Small, who on the same day mortgaged the same premises to the plaintiff, to secure the payment of the purchase money. The said Small, failing to pay the notes as they became due, the plaintiff commenced an action on the mortgage and recovered a conditional judgment for possession of the premises against said Small, on which judgment a writ of possession issued under which the plaintiff entered on the 9th February, 1839. The plaintiff proved that the defendant on the 11th February, 1839, entered

in the dwellinghouse and took away the stove mentioned in the writ.

The defendant introduced Jonathan Small as a witness, by whom he proved that at the time of the purchase, the plaintiff mentioned among other improvements which he had made upon the premises sold, the stove in question, and that it cost him twenty dollars — that he insisted that the price he required was reasonable, on account of the improvements he had made, and that at the time of the purchase he (Small,) supposed he bought the stove with the house. Subsequently and before the witness entered into possession of the premises purchased, the plaintiff sold the stove to one Randall — that to the remonstrance of the witness at his selling the property, the plaintiff replied *that the stove* was personal property — that he had sold it to Randall, and that Randall would remove it unless he (Small,) purchased it of Randall, which he advised him to do — and which, to save further trouble, he did — and the stove remained in the house till removed by the defendant — to whom it had been sold a few days before the 9th of Feb. Said Small further testified that the fire place, near which the stove was situated, was a large one, the room having been occupied as a kitchen — that the fire place had been bricked up, and the wall plastered over and that an orifice had been left in the wall to receive the smoke from the back part of the stove and that in removing the stove, not a particle of the brick or plaster work was disturbed.

At the trial, which was before WESTON C. J. a nonsuit was entered by consent, to be confirmed or set aside, and such judgment to be entered as the court shall order upon the foregoing facts.

*Hammons,* for the plaintiff. The stove was a fixture. *Farrar* v. *Stackpole,* 6 Greenl. 156; *Goddard* v. *Chase,* 7 Mass. R. 443. The stove being a fixture, the character of the property was not changed by selling it as personal property. If the bricks in the chimney, or the rocks in the underpinning had been sold as personal property it would not have made them so. *Smith* v. *Goodwin,* 2 Greenl. 173.

Small had no right to remove after notice to quit. *Elwes* v. *Mann,* 3 East. 37. If the tenant was lessee the removal was not till after the expiration of his term as lessee. *Gaffield* v. *Hapwell,* 17 Pick. 19.

*Littlefield,* for the defendant, contended that whether the stove was real or personal property — it was competent for the parties to agree that it should be personal — which had been done in this case. *Ropps* v. *Barker & al.* 4 Pick. 239. The tenant was entitled to a reasonable time in which to remove his effects. *Davis & al.* v. *Thompson,* 13 Maine R. 209.

The opinion of the Court was delivered by

WESTON C. J. — The better opinion is, upon the authorities, that the stove in question, being fitted, adapted and designed for the use of the house would pass by a conveyance of it, as part of the real estate. But it was doubtless competent for the owner to sell it as personal, and if the purchaser or any under him thereupon takes it away, the former owner has no just cause of complaint. A tree, while standing, is part of the realty, and belongs to the owner of the land, upon which it grew. But if he sells it, for a valuable consideration, the purchaser may cut and carry it away, and the sale is a license for him to enter to do so. A fence is part of the realty, but it may be sold or reserved as personal property. *Ropps* v. *Barker & al.* 4 Pick. 239. When Randall purchased the stove, no other person had any interest in it, except the plaintiff and Jonathan Small. The plaintiff sold to Randall, and Jonathan Small finally acceded to that sale, and bought it of Randall for a valuable consideration, by the advice of the plaintiff. By the consent, then, of all concerned, and for an adequate price, Small became the owner of the stove, by a title independent of the house, from which it had been severed by the sale.

It would be against every principle of justice, to permit the plaintiff, after having sold it as personal, to turn round and reclaim it, as part of his real estate. The defendant is a pur-

chaser from Small, and has the same rights.    The plaintiff and Small stood in the relation of mortgagor and mortgagee.    Small, while he occupied the estate, was the tenant at will of the plaintiff, and when he took possession by process of law, he terminated that tenancy.    But Small had the right, with such assistance, as might be convenient or necessary, of ingress, egress, and regress for the purpose of removing his goods and personal property.    *Davis & al.* v. *Thompson,* 13 Maine R. 209.    The entry of the defendant with Small, in furtherance of this object, was justified.

*Nonsuit confirmed.*