The Justice having failed to render his decision within the time limited by law, lost jurisdiction of the cause, and the plaintiff's only remedy was to sue again (*Wiseman* v. *The Panama Railroad Co.*, 1 Hilt., 301; *Watson* v. *Davis*, 19 Wend., 371; *Berrian* v. *Olmstead*, 4 E. D. Smith, 279). The proceedings in the District Court were no bar.

The defendant admitted that the plaintiff said that he would let the premises on his account, and that he would hold him responsible for the rent, after the defendant told him he would leave at the end of December. The letting of the premises therefore, to Price, in January, was no evidence of surrender. The judgment, in my opinion, should be affirmed.

Judgment affirmed.

---

HORATIO F. SHAW *v.* ANDREW LENKE *and* THADDEUS F. OGG.

The adjustment of gas-fixtures to a gas-pipe is not such an annexation to the freehold as to make them a part of the realty and subject to the operation of a grant thereof.

APPEAL by the plaintiff from a judgment of the Sixth District Court, dismissing the complaint.

The action was brought to recover the value of certain gas-brackets and chandeliers, claimed to be wrongfully detained by the defendant. The fixtures were attached to two buildings in Thirty-Eighth Street, in the City of New York, belonging to the plaintiff's assignor, Richard W. Horn, who by deed conveyed the houses to the defendants.

The defence was, that the brackets and chandeliers in suit were fixtures, and as such passed by the conveyance to defendants, as appurtenant to the freehold.

The Court below so decided, and rendered judgment for the defendant. The plaintiff appealed to the Court of Common Pleas.

*J. F. Malcolm*, for appellant.

*Stitt & Ruston*, for respondents.

BY THE COURT.—BRADY, J.—The rule of law applicable to this case is stated substantially as follows, in *Walker* v. *Sherman* (20 Wend., 645): "Articles of furniture movable in their nature, are not fixtures, although attached by screws, nails, brackets, &c. Such things are hangings, pier-glasses, chimney-glasses, book-cases, carpets, blinds, curtains, &c." (Gibbons on Fixtures, 20, 21). The removal of gas-fixtures is analogous to the removal of a stove temporarily attached to the floor and to the chimney, by means of the pipe, and which would not pass by conveyance as part of the property (*Freeland* v. *Southworth*, 24 Wend., 191).

The adjustment of the bracket or chandelier to the gas-pipe, is not such actual annexation to the freehold as is contemplated by law. The fixture itself, though employed for a useful purpose, and often highly ornamental, is not indispensable to the enjoyment of the realty. It forms no part of the soil by annexation, actual contact, or otherwise. It is not fastened to the wall, and it can be removed without injury either to the wall, freehold, or pipe to which it is attached. In addition to this, it may be said with propriety that it has become by usage and general concession, as much an article of furniture as a mirror or carpet, although not so universally owned. Without pursuing the subject farther, however, and without reviewing the numerous cases on the subject of fixtures, and which relate in a great majority to improvements made for the purposes of trade or manufacture, it is sufficient to say that the articles claimed by the plaintiff are not fixtures, and part of the realty, within the rule established by any case decided in this State. They were not permanently fastened to the building, or habitually attached, as in *Snediker* v. *Warring* (12 N. Y., 171), or so connected with the subject of the grant as to fit the building for any particular purpose, without which it is not adapted to the business, as in *Tabor* v. *Robinson* (36 Barb., 483), and *Laflin* v. *Griffiths* (35 Id., 58), or a part of the real estate, as in *Bishop* v. *Bishop* (11 N. Y., 123), but were so constructed as to be movable, and put up evidently with that purpose in view. They are certainly exempt from the operation of a

grant, even without reference to the general rules, if the case of *Farrar* v. *Chaufetete* (5 Denio, 527), is an authority, and I do not understand it to be questioned. It was held in that case, that machinery put up with a view to its being removed without injury to the building, is not a fixture passing with the freehold. The case of *Hartman* v. *Vultee*, in this Court (May, Gen. T., 1865), referred to by the appellant, has no analogy to this case.

I think the judgment should be reversed.

Judgment reversed.