NELSON V. CHAFFEE *vs.* DAVIS PEASE.

If, in an action for trespass to real estate, the jury find for the plaintiff, without assessing any damages, the court may amend the verdict by inserting nominal damages, and may render judgment thereon.

TORT for trespass to real estate. At the trial in the superior court, before *Wilkinson,* J., the only question in dispute was as to the title to the premises. The jury returned a sealed verdict for the plaintiff, without assessing any damages, which verdict was affirmed and recorded, and the jury dismissed. The plaintiff thereafter moved that the verdict be amended, by the insertion therein of a finding of nominal damages, and that judgment be rendered for nominal damages; but the motion was overruled. The defendant moved in arrest of judgment, on the ground that the verdict was defective; but this motion was also overruled. Judgment was thereupon ordered upon the verdict, with costs to the plaintiff as the prevailing party, and the case reported for the determination of this court.

*M. P. Knowlton,* for the plaintiff, cited *Ryder* v. *Hathaway,* 21 Pick. 306; *French* v. *Hanchett,* 12 Pick. 15; *Coffin* v. *Jones,* 11 Pick. 49; *Clark* v. *Lamb,* 8 Pick. 415; *Porter* v. *Rummery,* 10 Mass. 66.

*H. Morris & C. A. Winchester,* for the defendant, cited *Coffin* v. *Jones,* 11 Pick. 49; *Connecticut River Railroad* v. *Clapp,* 1 Cush. 559; *Little* v. *Larrabee,* 2 Greenl. 37.

GRAY, J. In this action for trespass upon real estate, the parties being at issue on the question of title, the plaintiff, upon proof of his title, was entitled as of course to nominal damages for the violation of his right, if he proved no actual damage. *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 247. *Appleton* v. *Fullerton,* 1 Gray, 194. *Dixon* v. *Clow,* 24 Wend. 191. The omission of the jury expressly to return such damages in their verdict for the plaintiff was a defect of the most formal character, which cannot be allowed to defeat the right of the plaintiff and the manifest intention of the jury. The plaintiff

being satisfied with his verdict on the question of right, and **not** asking for any actual damages, the court in which the verdict was rendered clearly had authority to allow the amendment moved for. *The Queen* v. *Fall*, 1 Q. B. 646, 647. *Clark* v. *Lamb*, 8 Pick. 415. *Matheson* v. *Grant*, 2 How. 281, 282. *Foster* v. *Caldwell*, 18 Verm. 176. Gen. Sts. *c.* 129, § 41.

It does not follow that a judgment on this verdict, unamended, is so erroneous as to be liable to be reversed. On the contrary, the statutes of Massachusetts, in words which have hardly been changed for more than two centuries, declare that " no writ, process, declaration or other proceeding in the courts or course of justice shall be abated, arrested, quashed or reversed, for any circumstantial errors or mistakes, when the person and case may be rightly understood by the court, nor through defect or want of form only." Gen. Sts. *c.* 129, § 34. Rev. Sts. *c.* 100, § 21. *St.* 1784, *c.* 28, § 14. Prov. St. 13 W. III. *c.* 15, (ed. 1726,) 161. Mass. Col. Laws, (ed. 1672) 7. Body of Liberties, art. 25. Anc. Chart. 50, 364. The similar provision in the United States Judiciary Act of 1789, *c.* 20, § 32, has been held by the supreme court of the United States to apply to informal verdicts. *Roach* v. *Hulings*, 16 Pet. 321, 322. *Parks* v. *Turner*, 12 How. 45, 46. In the last case, a general verdict " for the plaintiff," without more, in an action on a promissory note, was held to support a judgment for the amount of the note declared on. Upon like grounds, judgment for nominal damages might well have been rendered upon the plaintiff's motion in the case now before us.

The statutes of the Commonwealth further provide that even " after judgment in any civil action, defects or imperfections in any matter of form found in the record or proceedings may be rectified and amended by the court in which the judgment is rendered, or by the court to which it is removed by writ of error, if substantial justice requires it, and if the amendment is in affirmance of the judgment." Gen. Sts. *c.* 129, § 42. Rev. Sts. *c.* 100, § 23. But upon this report the whole case and the judgment to be rendered therein are still within the control of the court; and as the verdict and judgment for the plaintiff, in the form in which they now stand upon the record, do not distinctly

and formally state what he has recovered, or that he has recov-
ered anything beside costs, the regular and proper course, in our
opinion, is to remit the case to the superior court, in order that
the verdict and judgment may be amended in that court by
inserting nominal damages, and there may be in due form

*Judgment for the plaintiff.*