ALVORD CARRIAGE MANUFACTURING COMPANY *vs.* GLEASON.

A factory bell placed in a tower built upon the factory for the purpose, and which would be useless without the bell, is a part of the realty.

A blower pipe conveying air from a blower to a forge, will pass under the description of "fixed machinery" in a deed.

TROVER, reserved by the Superior Court on facts found for the advice of this court. The case is sufficiently stated in the opinion.

*Graves,* for the plaintiffs.

*G. C. Woodruff* and *Barbour,* for the defendant.

PARK, J. The plaintiffs mortgaged a certain tract of land situated in the town of Torrington, together with a certain factory located thereon and all the fixed machinery contained in the factory. The mortgage was subsequently foreclosed, and all the interest of the mortgagee in the premises after the foreclosure was conveyed to the defendant. The controversy in the case is in regard to the ownership of the bell that was upon the factory, and the blower pipe leading from the blower to certain forges upon the premises for the purpose of conveying air from the blower to the forges.

The plaintiffs claim that the bell was not a part of the realty, and that it did not come under the description in the mortgage of "fixed machinery," and consequently was not conveyed by the deed. But we think it was real estate and formed a part of the permanent structure of the mill. In the recent case of *Capen* v. *Peckham,* 35 Conn., 88, it was held that chattels become real estate when they are annexed to the freehold under such circumstances that it clearly appears from an inspection of the property itself, taking into consideration the character of the annexation, the nature and adaptation of the articles annexed to the uses and pur-

poses of the freehold at the time the annexation was made, and the relation of the party making it to the freehold in question, that a permanent accession to the freehold was intended to be made by the annexation.

This rule applied to the facts of this case leaves no room for doubt that the bell was designed to be a part of the realty, and was such when the mortgage was made. It was placed in a tower erected for the purpose, the tower being useless without it, and was firmly and permanently attached thereto. It might as well be claimed that a water wheel is not a part of the permanent structure of a manufacturing establishment, when it appears that it was designed to be the only motive power therein, and a part of the building was constructed with special reference to its reception and permanent location.

This question is so clear that it is not much pressed by the plaintiffs' counsel, but they contend that the deed excludes from its operation by implication all fixtures that do not come under the description of "fixed machinery"; and that, inasmuch as the bell cannot be regarded as a part of the machinery of the mill, it was impliedly reserved by the deed. But the expression "fixed machinery" has reference only to the machinery of the mill, and if the bell is not a part of it it is difficult to see how it could be excluded by the use of that expression, for what is excluded must necessarily be machinery. If the bell was a fixture it was as much a part of the factory as its posts and floors. They too were chattels before they were fixed in their places, and it might be contended with as much reason that they were excluded from the operation of the deed as it can be that the bell was so excluded. The deed expressly conveys the factory. That includes the entire factory building.

We think too that the plaintiffs are wrong in their claim in relation to the blower pipe. They concede that the blower and forges are fixtures, and that they come under the expression, "fixed machinery." If this is so it would seem to follow that the pipe conveying the air to the forges, and without which the blower would be useless, must be regarded as a part of the blower. The blower and forges were permanently

located in their places, and the pipe therefore became indispensably necessary.

It is like the smoke pipe of a furnace, or the supply pipe of a boiler. It must have been designed to be as permanent as the blower. An opening was made in the partition wall of the building to receive it, showing that it was intended to remain permanently. If the plaintiffs intended to include the blower and forges by the expression "fixed machinery," it is absurd to suppose that they intended to exclude the pipe in question, which was absolutely necessary for the successful working of the blower. We think the pipe must be regarded as a part of the blower.

We therefore advise the Superior Court to render judgment for the defendant.

In this opinion the other judges concurred.