GEORGE P. STOCKWELL AND OTHERS vs. JOHN S. CAMPBELL.

A portable hot air furnace, placed in the cellar of a dwelling house for the purpose of warming the house, and set in a pit prepared for it in the bottom of the cellar, where it is held in place simply by its own weight, is a part of the realty.

So also is the smoke pipe leading from the furnace to the chimney of the house.

BILL for a foreclosure of a mechanic's lien on a building; brought to the Court of Common Pleas of Fairfield County. The court found the following facts :—

The respondent was the owner of the land described in the petition, upon which he had erected a double dwelling-house. Each half of the house was constructed and arranged to be heated by a portable hot air furnace, and pits for the location of the same were constructed by the respondent in the cellar of each house. He had not intended to procure furnaces for the house until it had been wholly completed, but the season was cold when the masons were about plastering the walls, and he wished to be able to heat the house, so that the frost should not injure the walls, and therefore ordered of the petitioners two furnaces, to be placed in the house for this purpose, and for heating the house when completed, and the petitioners supplied the furnaces and placed one in each part of the house, as directed by the respondent. The claim of the petitioners was for these furnaces, and the smoke-pipes leading from the same into the brick chimneys, and for labor on the same.

The furnaces were portable cone-furnaces, not set in brick or otherwise fastened to the house or floor, but held in their places by their own weight. The smoke-pipes were similar to ordinary stove-pipes, and led from the furnaces to the chimneys, carrying off the smoke and gas generated by the fuel used to supply the heat, and could be detached from the chimneys and furnaces without injury to either or to the pipes themselves. The hot-air pipes were not sold with the furnaces, and were connected with the furnaces by short pieces of pipe which could be removed without injury to the hot-air pipes, the furnaces, or the short pipes themselves.

The furnaces could be removed and reset without difficulty, and without any appreciable injury to the furnaces themselves, or to the house, except that if they were reset elsewhere, the casings might require different apertures for the pipes, and the closing up of some of those previously used. They could have been placed in the house after it was completed without difficulty, and as easily as at the time they were in fact placed therein.

The contract for the furnishing and placing these furnaces with their connections, and for the labor thereon, was a separate contract between the respondent and the petitioners, and was not connected with or incidental to any contract relating to the construction of the house.

There is now due to the petitioners from the respondent for the furnaces, the sum of $235.

Upon these facts the petitioners claimed, as matter of law, that they were entitled to a lien upon the entire house for the value of the furnaces, and of the work done in placing the same in the house; which claim the respondent denied.

The court reserved the question for the advice of this court.

*G. H. Hollister* and *D. F. Hollister*, for the petitioners, cited 3 Redfield on Wills, 163; *Alvord Carriage Manuf. Co.* v. *Gleason*, 36 Conn., 86.

*Seeley*, for the respondent, cited *Rose* v. *Persse & Brooks Paper Works*, 29 Conn., 256, 267; *Chapin* v. *Persse & Brooks Paper Works*, 30 id., 461; *Capen* v. *Peckham*, 35 id., 88; *Lombard* v. *Pike*, 33 Maine, 144; *Millikin* v. *Armstrong*, 17 Ind., 456; *Morgan* v. *Arthur*, 3 Watts, 140; Houck on Liens, § 163.

PARK, J. The question in this case is, whether the furnaces and the smoke-pipes attached to them were fixtures. If they were, they were parts of the buildings to which they were attached, and the fact that a separate contract was made in reference to them becomes of no importance, for a mechanic in constructing any part of a building, has a lien on the whole

building for the labor performed and materials furnished. The claim of the respondent would deprive the mechanic of his lien unless the entire building was constructed by him under one contract, which manifestly is absurd.

We come then to the only question in the case, and that is, were these articles fixtures

In the late case of *Capen* v. *Peckham*, 35 Conn., 88, this court held " that to constitute a fixture it is essential that the article should not only be annexed to the freehold, but that it should clearly appear from an inspection of the property itself, taking into consideration the character of the annexation, the nature of the article annexed, its adaptation to the uses and purposes to which the building was appropriated at the time the annexation was made, and the relation of the party making it to the property to which it was annexed, that a permanent accession to the freehold was intended to be made by the annexation of the article." Again the court says :—" If the articles in this case had been ponderous and extremely difficult to be removed ; if they had been of considerable value taken in connection with the building, and of little value as chattels to be removed ; if they had been fitted to the places they occupied and would not be suited to other places or buildings unless specially prepared for them, such considerations might go far to show that the articles were fixtures."

The articles in that case were the ordinary implements of a slaughter house. They were put into the building to be used in the slaughter of animals. With the exception of a windlass, all the articles could easily have been removed to and set up in any other slaughter house without any injury to the building from which they were taken or to themselves ; and they would have been as valuable and useful in their new location as in the places they then occupied. The court held the windlass to be real estate, for the annexation of the article was deemed sufficient to show that it was designed to be so by the party making the annexation ; but inasmuch as there was nothing to indicate such intention in reference to the other articles, they were held to be personal property.

This rule, which requires a physical annexation of the article

to the building, we consider well settled, but the annexation need not be such as to require any actual disruption for its removal. It may be attached to the building by mere adjustment of construction and putting in place, as in the case of doors and window blinds, which are obviously a part of the building, though attached only by hinges, or it may be held in a place prepared to receive it, by its mere size and weight, as in the present case. Thus, in the recent case of *Alvord Carriage Manuf. Co.* v. *Gleason*, 36 Conn., 86, the court held that a factory bell, hung in a tower built upon the factory to receive it, was a part of the realty. It is thus that the water wheel of a mill is always held to be a part of the mill. In all these cases the article is applied to the building in such a way as to show an intent to annex it permanently to the freehold; the annexation, whether by means of nails, or screws, or hinges, or mere weight, being still a physical annexation. The precise manner in which the article is kept in place is not important, except as it may often throw some light upon the question, in a doubtful case, whether a permanent annexation was intended.

In the present case the intent to make the annexation permanent is very clearly shown by the preparation of the house for the reception of the furnaces. Pits were made in the bottom of the cellar adapted to them in size and depth, and for the express purpose of receiving them. In this respect the case in the 36th of Conn. R. just referred to, seems to be directly in point. There the place where the bell was hung was prepared expressly for it, and the fact that it was so prepared, and that the bell was hung in it, showed that the annexation of the bell to the building was intended to be permanent.

The smoke-pipes connecting the furnaces with the chimneys of the house are of course equally annexed to the building, and a part of the realty.

We therefore advise judgment for the petitioners.

In this opinion the other judges concurred.