## The Rahway Savings Institution

36 61
58L 461

*v.*

## The Irving Street Baptist Church, of Rahway.

A portable iron furnace for heating a church, standing on the cellar floor, and held in position by its own weight, and capable of being detached, and also its pipes &c., without injury to the building, is not, as between mortgagor and mortgagee, a fixture.

Bill to foreclose. On motion for order requiring defendants to replace a furnace, with its attaching pipes and registers, removed from the mortgaged premises since the commencement of the suit.

*Mr. J. Henry Stone,* for the motion.

*Mr. T. H. Shafer,* contra.

The Chancellor.

The question presented for decision is whether the furnace removed by the defendants from the church edifice on the mortgaged premises is to be regarded as part of the real estate or not.

Note.—" A lessee made a furnace for the use of a dyer and fixed it to the wall of his house, and the lessee, being condemned in debt, the sheriff came to the furnace, and put his hands upon it and delivered it to the defendant; and the lessee brought trespass. *Glanvil:* 'A furnace may be delivered in execution and the house never the worse; * * * it is not waste to take away a furnace.' *Beaumond:* 'It is doubly fixt to the land and to the wall, and it is clear that the sheriff cannot take it from the wall.' *Dyer:* 'The diversity is when the furnace is fixt to the middle of the house, and when to the wall, for the termor may take it from the middle of the house, but not from the wall.' And to this *Owen* agreed," *Day* v. *Austin, Owen 71.*

"In the time of Lord Dyer this difference was here taken and agreed, that a furnace fixed *in medio domus* is but a chattel, and is removable; but otherwise it is being fixed to the walls," *Day* v. *Bisbitch, Cro. Eliz. 374.*

A furnace, though fixed to the freehold and purchased with the house, shall

It is a portable furnace, and was placed in the cellar of the church, which was excavated as a receptacle for the stove, by which it was contemplated to warm the church, and for the storage of fuel and ashes and articles of church furniture not needed for use. For several years before the furnace was put in, the edifice was warmed by a stove or stoves placed in the cellar, the heat from which was conveyed to the audience-room, on the first floor, by registers in the floor of that room. These stoves appear to have proved insufficient for the purpose, and other means of warming the room were resorted to, which also proving unsatisfactory the furnace or heater was put in. It is not mentioned in the mortgage, but was put in a long time after the mortgage was given. It stood on the bottom of the cellar, and was not attached to the building except by the pipes attaching it to the registers and the smoke-pipe connecting it with the chimney. The smoke-pipe does not appear to have been fastened to the chimney in any way. Stoves set up in the way in which they usually are at the present day are not fixtures. *Ewell on Fixt. 300; Williams* v. *Bailey, 3 Danc's Abr. 152.* There are numerous adjudged cases in which stoves have been held to be fixtures, but it will be found that in all of them there was either actual annexation to the freehold or other evidence of intention to make them permanent additions thereto. In *Smith* v. *Heiskell, 1 Cranch C. C. 99,* and *Folsom* v. *Moore, 19 Me. 252,* Franklin stoves were held to be fixtures, but they were probably permanently fixed and substituted for the fire-places.

go to the executor and not to the heir, *Squier* v. *Mayer, Freem. Ch. 249;* but see *11 Vin. Abr. 167;* and a fire engine set up for the benefit of a colliery by a tenant for life, *Lawton* v. *Lawton, 3 Atk. 13;* see *Kelsey* v. *Durkee, 33 Barb. 410; Bain* v. *Brand, L. R. (1 H. L. C.) 762;* iron backs to chimneys belong to the executor, and not to the heir, *Harvey* v. *Harvey, 2 Str. 1141; Leach* v. *Thomas, 7 C. & P. 327; Bishop* v. *Elliott, 11 Exch. 113;* ranges go to the heir, *Winn* v. *Ingilby, 5 B. & A. 625; Rex* v. *St. Dunstan, 4 B. & C. 686; Pratt* v. *Whittier, 58 Cal. 126;* and stoves and grates fixed with brickwork into the chimneys, *King* v. *St. Dunstan, 4 B. & C. 686; Leonard* v. *Stickney, 131 Mass. 541.*

Iron stoves fixed to the brickwork of the chimneys of a house are fixtures, and may be levied on, under execution, as part of the house, *Goddard* v. *Chase, 7 Mass. 432;* and pass to the vendee of the house, *Smith* v. *Heiskell, 1 Cranch C. C. 99; Folsom* v. *Moore, 19 Me. 252;* but not a mere stove, *Freeland*

In *Blethen* v. *Towle, 40 Me. 310*, it was held that stoves were fixtures; but the stoves in that case were standing permanently attached in the places where they were used, and it was also held in that case that stoves not standing in their places permanently attached, but put away for the summer, were not fixtures. In *Tuttle* v. *Robinson, 33 N. H. 104*, it was held, as between the administrator and the heir, that a stove was a fixture, but the stove was a heavy one placed by the ancestor in a chimney having no fire-place; the stove was without legs, and set on brick work, and had a short funnel bricked around in the chimney, so as to render it doubtful whether it could be removed without disturbing the brickwork. In *Goddard* v. *Chase, 7 Mass. 432*, stoves were held to be fixtures; but they were cast-iron stoves fixed to the brickwork of the chimneys of the house, and it seems that they were set into the chimneys, so that it was necessary to pull down the fire-places to get them out. In *Main* v. *Schwarzwaelder, 4 E. D. Smith 273*, it was held that a furnace, so placed in a house that it could not be removed without disturbing the brickwork of the house adjoining the furnace, and probably not without causing a portion of the ceiling to fall, was a fixture.

In *Stockwell* v. *Campbell, 39 Conn. 362*, portable furnaces placed in the cellar of a house were held to be fixtures, on what ground will be seen hereafter. But in *Freeland* v. *Southworth, 24 Wend. 191*, it was held between vendor and vendee of land, on which there was a dwelling-house without a fire-place and

v. *Southworth, 24 Wend. 191;* see *Blethen* v. *Towle, 40 Me. 310;* nor a portable furnace, resting by its own weight upon the ground, although connected with the house by a cold-air box, and hot-air pipes and registers, *Towne* v. *Fiske, 127 Mass. 125; Allen* v. *Mooney, 130 Mass. 155; Heysham* v. *Dettre, 89 Pa. St. 506; (contra, Thielman* v. *Curr, 75 Ill. 385);* although it may be a question of fact, *Ib.; Turner* v. *Wentworth, 119 Mass. 459;* nor a portable fence, *Penny-becker* v. *McDougal, 48 Cal. 160;* but see *Wood's L. & T. 877; Ricketts* v. *Dorrell, 55 Ind. 470;* nor boilers &c., for heating a conservatory, which rested by their own weight on bricks and were not fastened to the land, *Gardiner* v. *Parker, 18 Grant's Ch. 26;* see *Jenkins* v. *Gething, 2 Johns. & Hem. 520.*

An organ in a church built into a recess, left for and adapted to the purpose, is a fixture, *Rogers* v. *Crow, 40 Mo. 91; Chapman* v. *Union Ins. Co., 4 Bradw. 29;* and a mirror so built into a house, *Mackie* v. *Smith, 5 La. An. 717;*

without a chimney except from the chamber floor upwards, that a stove from which went a pipe into the lower end of the chimney was not a fixture. In the case in hand there was no such attachment of the furnace (which was in fact merely a large stove) as to indicate any intention to annex it to the freehold. It was not attached to the chimney, and the connection with the registers in the floor above it was only such as was necessary to convey the heat into the audience-room. It was not attached to the cellar bottom, nor did it even stand in a place specially adapted to receive it, as did the furnaces in *Stockwell* v. *Campbell, 39 Conn. 362*. That case is often cited in discussions on the law of fixtures, but an examination of the facts and opinion leads to the conclusion that its doctrine cannot be accepted as a guide. According to the report, the furnaces were portable cone furnaces, not set on brick or otherwise fastened to the house or floor, but set in pits made in the cellar bottom to receive them, and they were held in their places by their own weight. The smoke-pipes were similar to ordinary stove-pipes, and led from the furnace to the chimneys, carrying off the smoke and gas generated by the combustion of the fuel used to supply the heat, and could be detached from the chimneys and furnaces without injury to either or to the pipes themselves. The hot-air pipes were not sold with the furnaces, and were connected with them by short pieces of pipe which could be removed without injury to the hot-air pipes or the furnaces or the short pipes themselves. The furnaces could be removed and reset without difficulty, and

---

*Lockwood* v. *Lockwood, 3 Redf. 330 ; Ward* v. *Kilpatrick, 85 N. Y. 413;* but not a cupboard fitted into a recess, *Blethen* v. *Towle, 40 Me. 310 ;* nor a safe, *Moody* v. *Aiken, 50 Tex. 65 ;* but see *Folger* v. *Kenner, 24 La. An. 436 ; Dostal* v. *Mc-Caddon, 35 Iowa 318 ;* nor show-cases in a store, with shelves, drawers and mirrors, and nailed to the walls, *Kimball* v. *Grand Lodge, 131 Mass. 59 ; Guthrie* v. *Jones, 108 Mass. 191;* nor a hotel sign, *Woodward* v. *Lazar, 21 Cal. 448 ;* nor a ferry-boat run by a chain fastened to the shore, *Cowart* v. *Cowart, 3 Lea 57 ;* nor settees in a church, *Chapman* v. *Union Ins. Co., 4 Bradw. 29 ;* as to seats in a theatre, see *Grosz* v. *Jackson, 6 Daly 463, 17 Alb. L. J. 479, note;* or stools in a store, *Lawrence* v. *Kemp, 1 Duer 363*. A key, although in the lock of a door of a house, may be the subject of larceny, *Hoskins* v. *Tarrance, 5 Blackf. 417 ;* and doors taken off of the hinges by the defendant, *Willke's Case, 34 Tex. 155.*—REP.

Rahway Sav. Inst. *v.* Irving St. Baptist Church.

without any appreciable injury either to them or the house, except that if they were reset elsewhere the casings might require different apertures for the pipes and the closing up of those previously used. They could have been placed in the house after it was completed, without difficulty, and as easily as at the time they were in fact placed therein. The decision that they were fixtures seems to have been wholly based on the conclusion that the intention to make the annexation permanent was shown by the preparation of the house for their reception in the making of the pits in the bottom of the cellar, adapted to them in size and depth and for the express purpose of receiving them. Now, while it is true that it is not necessary to constitute an article a fixture that it be actually fastened to the freehold or something accessory thereto (the case of the factory-bell, *Alvord Carriage Manf.* v. *Gleason, 36 Conn. 86,* and the case of the windlass in the slaughter-house, *Capen* v. *Peckham, 35 Conn. 88,* and that of the steam-pipes on brackets in a factory, *Quinby* v. *Manhattan Cloth Co., 9 C. E. Gr. 260,* are illustrations of that doctrine), it cannot be held that the mere fact that a chattel is placed in a part of a house which has been adapted to receive it, will make it a fixture; for example, a bedstead in a house obviously would not be made a fixture by the mere fact that it was placed in an alcove made to receive a bedstead. And so, too, the mere fact that a stove or portable furnace is placed in a niche made to receive a stove, or is set in a depression or pit or other place in a floor made to receive a stove or portable furnace, will not make such stove or furnace a fixture. In the case under consideration, however, there was no such evidence of intention as the court found in *Stockwell* v. *Campbell.* The furnace stood on the level cellar bottom, and was held in place by its own weight alone. No injury was done to the building by its removal. It appears to me quite clear that it was not a fixture. The motion is denied.