JOHN S. ELLIOTT, Plaintiff in Error, v. THOMAS B. WRIGHT, Defendant in Error.

30 217
59 251

**Kansas City Court of Appeals, April 5, 1888.**

1. FIXTURES—RULE AS BETWEEN GRANTOR AND GRANTEE—INTENT OF PARTIES.—As between grantor and grantee, in the case of a deed of trust of personal property, the effort of a court is always to ascertain the intent of the parties and to give it effect. If their language affords evidence that a chattel is, indeed, to pass, it will, of course, pass, whether it be a mere chattel, or one which, by annexation, has become part of the realty. But where no specific intention is collectible, or where the conveyance is of land by metes and bounds, and on the land a building stands in which is the thing in controversy, then it will pass, or not, according as the thing is, or is not, in law, part of the realty.

2. ———— RULE AS TO WORDS WHICH MAY EXCLUDE OR INCLUDE THEM.—Words may be inserted to exclude fixtures, or to include them; or the fixtures may be the subject of a distinct contract; and if the court sees plainly that by a conveyance of freehold property, or in assignment of leasehold property, as it may be, it was not intended to include the fixtures, then the freehold or leasehold property may be the subject of one contract and the fixtures the subject of another.

ERROR to Cooper Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the court.

COSGROVE & JOHNSTON, for the plaintiff in error.

I.    The property in controversy was, at the time of the purchase of the real estate on which it was situated, by plaintiff, a part of said real estate and passed to plaintiff by his deed from defendant as trustee. *Curry v. Schmidt*, 54 Mo. 515; *Railroad v. Crawford*, 68 Mo. 80; *Rogers v. Crow*, 40 Mo. 91; *Harlan v. Harlan*, 15 Pa. St. 507.

II.   The plaintiff cannot be estopped from claiming the property in controversy, under his deed to the real estate, unless at the time of his purchase, he or his agent knew that said property was attached to said real estate, and knowing this, stood by and allowed the same to be sold as personal property.  He cannot be estopped by any act of himself or agent done in ignorance of his rights.   *Harlan v. Harlan, supra; Frederick v. Railroad*, 82 Mo. 402.

III.   A wrongdoer is not permitted to question the title of one in actual possession of goods, whose possession he has invaded.   Wells on Replevin, sec. 121, p. 71.

IV.   The defendant had no authority to purchase said property at the sale made by himself, as trustee, either for himself, or as agent of any one else.   *Hull v. Voorhis*, 45 Mo. 555.

JOHN R. WALKER and DRAFFEN & WILLIAMS, for defendant in error.

I.   The owner of machinery, or other things in the nature of fixtures, which may be easily severed from the realty, may treat them as chattels.   *Corcoran v. Webster*, 50 Wis. 125 ; *Fortman v. Goepper*, 14 Ohio St. 558; Jones on Chattel Mortgages, sec. 126.

II.   The deed of trust under which plaintiff claims declares the articles sued for to be personal property. He is bound thereby.

III.   The owner of real estate can, if he so desire, sell, separately from the realty, fixtures, which would ordinarily pass as part of the land.   If a land-owner should sell a frame building situated upon his land, and give a bill of sale, with right of removal, to the purchaser, and he should afterward sell the land to one who had notice of, and bought subject to, the previous contract, the purchaser of the land could hardly claim the house.

IV.   A conclusive answer to plaintiff's suit is, that he never bought, nor intended to buy, the property sued

for. The trustee never intended to sell it to him. It was not included in his bid. The deed of trust declared it was personal property. The trustee, and all parties who attended the sale, treated it as personal property, and it is too late now for plaintiff to claim something he never bought.

V. The plaintiff can only recover upon the ground that he acquired this property by the trustee's sale. If he is not the owner of it, then it is immaterial whether the sale to Hilderbridle was valid or not. If it is not, then the title is in defendant, as trustee, and he can maintain replevin against the plaintiff therefor — *a fortiori*, he can defend successfully against a replevin suit. *Keck v. Fisher*, 58 Mo. 522.

HALL, J.—This is an action of replevin to recover the possession of the following described personal property, to-wit: "One copper generator, two copper fountains, two copper coolers, about fifteen feet of lead piping, and one syrup gauge." Both parties claim title to the property through a deed of trust, executed by J. R. Tackett and wife, and Raymond Smith and wife, to the defendant Wright, as trustee, dated November 10, 1883. The deed of trust described the property thereby conveyed, as follows: "The east half of lot 111 on the original plat of the city of Boonville, fronting forty-five feet on High street, and running back one hundred and fifty feet to an alley; and also the following described personal property, to-wit: two copper fountains, one copper generator, two copper coolers, one syrup gauge, seventeen hundred dozen soda-water bottles, one hundred and fifty shipping cases, and three hundred soda-water boxes; said personal property is situate on the premises aforesaid, and is used by said J. R. Tackett and Raymond Smith in the soda-water manufacturing business." This deed of trust was made to secure the payment of certain promissory notes therein described, and it empowered the trustee to sell in case of default in the payment of said notes. They were not paid, and

by direction of the holder thereof, the trustee advertised the property for sale under the deed of trust. The notice of sale followed the description contained in the deed, and advertised that the property sued for would be sold as personal property, and separately from the real estate. On the day of the sale, the trustee announced that he would sell the property sued for as personal property. He then sold the real estate, which was purchased by the plaintiff in error, and immediately offered the personal property in controversy, for which he had a written bid from the beneficiary in the deed of trust. He received no other bid and bought in the property for the beneficiary. The trustee then executed a deed, conveying to the plaintiff in error the east half of lot 111, on the original plat of the city of Boonville.

After this sale, the plaintiff learned that the machinery sued for was connected together, and so attached to a building on the premises bought by him as to ordinarily, we may concede for the purposes of this case, make it a part of the realty. He then claimed it as a part of the realty purchased by him. The defendant thereupon removed from the premises, without the plaintiff's knowledge or consent, and in his absence, all the property described in the deed of trust as personal property, including the property in suit. The court held under the facts stated that the plaintiff was not entitled to the possession of the property in suit, and rendered judgment for defendant.

The plaintiff claims that the judgment of the circuit court was erroneous for two reasons: (1) Because the property in suit was a part of the realty, and passed to him as such under the deed made by the trustee; and (2) because the purchase by the defendant, who was the trustee in the deed of trust, whether for himself or as agent for the beneficiary in the trust, was void, and in carrying off the property he was, therefore, a mere wrongdoer, and a wrongdoer will not be permitted to question the title of one in actual possession of personal property.

## I.

The trustee did not sell the property in suit and the other machinery as part of the realty. If as between the trustee and the grantor in the deed of trust all such machinery was personal property, the plaintiff had no title to any portion of it as part of the realty, for in that case such property was personal property and was sold as such. Since in such case it was held by the trustee, not as part of the realty, but as personal property, and was sold as personal property, the plaintiff as purchaser from the trustee of the realty acquired no title to it.

Was such property, as between the grantor and the grantee in the deed of trust, personal property, or part of the realty?

The rule in accordance with which this question should be answered is thus stated by Mr. Ewell: "Between grantor and grantee, and mortgageor and mortgagee, however, the effort of a court is always to ascertain the intent of the parties, and to give it effect. If their language affords evidence that a chattel is indeed to pass, it will of course pass, whether it be a mere chattel or one which by annexation has become part of the realty. But where no specific intention is collectible, or where the conveyance is of land by metes and bounds, and on the land a building stands in which is the thing in controversy, then it will pass or not according as the thing is, or is not, in law, part of the realty. The questions to be determined then in every instance are; first, whether the solution of the question is affected by any specific intention appearing in the instrument; and if so what is its effect; and, second, if no such specific intention appears, whether the article in controversy is, or is not, in law, part of the realty." Ewell on Fixtures, 274, 307.

The same author, on pages 310 and 311 of his work,

says: "Assuming the correctness of the rule, that if a man assigns his mill or manufactory and all its appurtenances, the fixtures pass, it is also clear that the deed may express that they shall not pass. Words may be inserted of any description to exclude them, or they may be the subject of distinct contract; and if the court sees plainly that by a conveyance of freehold property, or in assignment of leasehold property, as it may be, it was not intended to include the fixtures, then the freehold or leasehold property may be the subject of one contract and the fixtures the subject of another." See also Jones on Chatt. Mort., secs. 124, 126. In illustration and explanation of the text last quoted a lengthy note is given, and a number of cases referred to. It is there said: "It was accordingly held in *Begbie v. Fenwick*, L. R., 8 Ch. App. 1075, note, where S., by way of mortgage, demised to B. all and singular the premises comprised in certain indentures of lease therein specified for the unexpired residue of the respective terms except the last ten days respectively, and by the second operative part assigned all steam-engines, boilers, machinery, plant and fixtures, etc., upon the premises and not being in the nature of landlord's fixtures, the proviso of redemption applying to both operative parts, that the trade fixtures did not pass by the first witnessing part, but by an entirely separate contract and assignment, viz., the second operative part, and B. not having registered his security as a bill of sale within the bills of sale act, it was void as against a subsequent mortgagee, F., whose security had been registered. In *Fortman v. Goepper*, F., in selling his brewery to H. & B., conveyed the real estate by metes and bounds, the consideration stated being sixteen thousand dollars, and by bill of sale at the same time sold and transferred among other things the articles in controversy for nine thousand dollars, and took back a real estate mortgage describing the premises as in the deed, to secure unpaid purchase money. H. & B. subsequently executed a chattel mortgage on the property in the bill of sale. *Held*,

that the deed, bill of sale, and mortgage having been executed at the same time and as parts of one transaction, each must be held to have been designated by the parties to perform its appropriate office in consummating the sale; that, therefore, the real estate mortgage covered no more property than was included in the deed, and the property in question in the bill of sale, as between F. and the mortgagees of B., was personalty. (14 Ohio St. 558). So in *Folsom v. Moore*, the plaintiff having sold and the vendee having acquired a store as personalty by a title distinct from the realty, the plaintiff was not allowed his claim to it as realty by virtue of the foreclosure of his mortgage on the realty for unpaid purchase money." (19 Me. 252.)

In the present case the machinery was clearly conveyed to the trustee as personalty, he held it as such, and sold it as such. The plaintiff by purchasing the realty acquired no title to it.

## II.

If it be conceded—which we do not intimate—that the sale to the trustee was void, the plaintiff's case would not be helped, because in such case it is as if there had been no sale and the legal title is in the defendant as trustee.

Judgment affirmed.    All concur.