### RICHARDS *v.* GILBERT.

1. The question whether counters, tables, etc., used in connection with the business carried on in a certain storeroom, are covered by a mortgage which simply creates a lien on the land whereon the storeroom is situated and its appurtenances, becomes immaterial when it is shown that at the time of the execution of the mortgage it was understood between the parties thereto that such articles were not included in the mortgage. As a matter of law, the articles are not covered by the mortgage, when such an agreement is established; the agreement would control, even if, as a matter of law, such property would generally pass with the land as trade fixtures.

2. An agreement of the nature indicated was proved by one of the witnesses who testified at the trial. Under this evidence, which was neither challenged nor contradicted, a verdict for the defendant, in an action by the mortgagor to recover possession of the property from one claiming title under a sale made after foreclosure of the mortgage, is not supported by the evidence.

Argued October 6, — Decided October 29, 1902.

Trover. Before Judge Holden. Taliaferro superior court. July 1, 1902.

*W. N. Maltbie* and *S. H. Sibley*, for plaintiff.
*Hawes Cloud*, for defendant.

LITTLE, J. Richards instituted an action against Mrs. Gilbert, to recover possession of seven table counters, certain platform counters, an iron grate, etc. The defendant averred that she purchased the property from one Boswell, and that title to the same was in her; that if the plaintiff ever had title, he was estopped to assert it, because he stood by when the property was sold at sher-

iff's sale to Boswell, and in no manner attempted to assert title. The evidence for the plaintiff tended to establish the following facts: The plaintiff had the counters made and placed in his store; they were not attached and could be readily moved. The grate was originally put in the fireplace, but, on account of a defect, was detached and laid aside in the store. Originally plaintiff gave a mortgage to Boswell on the lot on which the store was situated, to secure a debt, and it was understood between Boswell and himself that the counters, the grate, and the iron safe were not included in the mortgage. Subsequently Boswell foreclosed his mortgage, and the lot was sold by the sheriff, and purchased by Boswell. By agreement between plaintiff and Boswell the property sued for, together with other articles, was allowed to remain in the store. Subsequently to this agreement plaintiff had some of the counters removed from the store and put in use. He did not know that defendant had purchased the store from Boswell until after it had been accomplished. After the sale to defendant, plaintiff went to the store to get the counters and other articles, and defendant refused to deliver them, and subsequently obtained possession of the other counters which plaintiff had theretofore caused to be removed from the store. The defendant introduced in evidence the mortgage from plaintiff to Boswell, which described the property covered by the mortgage as " a certain lot or parcel of land in the town of Crawfordville, whereon a storehouse is situated [fully describing the lot by metes and bounds], with all the rights, members, and appurtenances to said property in any way appertaining or belonging." Also, the foreclosure proceedings, the facts in relation to the sale, and the deed from the sheriff to Boswell, which described the property in the same language as was used in the mortgage. The deed from Boswell to defendant, containing the same description relative to the property, was also in evidence. The husband of the defendant testified that Mr. Bird concluded the purchase for his wife; that when witness went to see the property purchased, he found only four pairs of counters, and learning that there ought to be seven, he afterwards obtained possession of those for his wife. Bird testified that he advanced the money to Boswell to buy the store, and was really the party interested in the sale to Mrs. Gilbert, and that he sold the store to her with everything in it except the safe. The sale was in writing

and evidenced by the deed from Boswell. ·At the time of the sale. the store was not used as such, but was being used by witness as a buggy warehouse, the counters having been moved to one side.. Another witness, who testified as to the value of the counters, also· stated that the table counters were never attached to anything, but· the platform counters were originally nailed down.

The jury returned a verdict for the defendant. The plaintiff made a motion for a new trial, which being overruled, he excepted. The motion contains, beside the general grounds that the verdict was contrary to the law and the evidence, a number of special grounds, complaining of the admission of certain evidence, and of certain instructions to the jury given by the trial judge; also certain refusals to charge. The two last-named grounds relate to the law of fixtures; and the position taken by counsel for defendant in error is, that the counters, etc., were included in the mortgage, and the title to them passed to Boswell by the sale under the foreclosure of the mortgage, and to defendant by the conveyance from Boswell; and that she purchased the property without any knowledge of the claim of the plaintiff to the property sued for. The contention made raises a very interesting question relating to what is known as "trade fixtures"; but under the. view which we take of the evidence, even if we were to rule that the articles of property passed to the defendant under the deed from Boswell to her, as necessary adjuncts to the business carried on in the house which she purchased, and that as trade fixtures they would generally pass to· the purchaser of the lot and storehouse situated thereon, we would yet be unable to sanction the recovery in this case. We therefore do not enter into a discussion of the law governing trade fixtures or of the question whether such fixtures pass by an alienation of the land to which they are annexed or of which they became a part. Undoubtedly the plaintiff was originally the owner of the lot, the storehouse thereon, and the property sued for. In executing the mortgage to Boswell the property on which the lien was created was the lot, its rights, members, and appurtenances. It is a plain principle, as to the right, as between landlord and tenant, to remove fixtures attached to the land, which are not trade fixtures, that the intention of the parties in relation thereto must govern. Trade fixtures, as between landlord and tenant, are governed by a different rule. See *Wright* v. *DuBignon*, 114 *Ga.* 765.

But independently of these rules the maxim " modus et conventio vincunt legem " applies as well to the question of fixtures as to other branches of the law.    Tyler on Fixtures, 129.

The evidence of the plaintiff is to the effect that previously to his mortgage of the lot, including the storehouse, to Boswell, he had mortgaged the property sued for, with other articles of personal property, to another person, and at the time the mortgage to Boswell was executed it was understood by both that the counters and other property sued for were not included in the mortgage. If this evidence is true, then, even if such property would generally have passed to Boswell by a sale and conveyance of the lot, it could not do so in this case in the face of such an agreement; for certainly Boswell, with this understanding, had no mortgage lien on this property, nor did he acquire any at the foreclosure sale; for as purchaser at such sale he stands in the same position that he did as original mortgagee.    If Boswell obtained no title by his purchase, he could convey none.    It is true, as a general proposition, that the intention of the parties is to be determined by a construction of the language used in the conveyance, but it is also undoubtedly true that collateral agreements extrinsic to the conveyance may control the question as to what articles pass as a part of realty conveyed.    Foster v. Prentiss, 75 Me. 279 ; Elliott v. Wright, 30 Mo. App. 217.    It has even been ruled that this question may also be controlled by evidence of other transactions which show that the intention of the parties to the conveyance was that particular fixtures should be treated as personalty.    Zeller v. Adam, 30 N. J. Eq. 421; Fortman v. Goepper, 14 Ohio St. 558.    We are not, of course, passing on the truth of this, or any other part of the evidence in this case; but the fact of the agreement appears as a part of the evidence, and the denial of the right of the plaintiff to recover was not based on the falsity of this part of the evidence.    As it was not questioned, and no objection was urged to its competency, that agreement must control, even if the position taken, that generally the counters would be covered by the lien of the mortgage, is a correct proposition of law.    Therefore the verdict in favor of the defendant was contrary to the evidence, and the court erred in overruling the motion for a new trial on this ground.

*Judgment reversed.    All the Justices concurring, except Lumpkin, P. J., absent.*