32323.   SLATER *v.* DOWD.

DECIDED MAY 18, 1949.

*J. T. Grice*, for plaintiff in error.

*M. W. Eason*, contra.

MacIntyre, P. J. In special ground 1, error is assigned that —after the court had correctly charged the jury as follows: "If you find in this case that prior to the making of the deed by Slater to Coleman, Slater had given an option to purchase to Coleman or to someone acting for him, on certain conditions and under which the proposed sale would carry with it certain personal property, I charge you that, if a deed was later made in pursuance of such option, I charge you that, under such a situation, all agreements included in the option merged in the deed, and if there is a conflict with the option and the deed actually made, then the words of the deed would control, and both parties would be bound by it and you would look to the deed alone to determine the rights of the parties"—the court then charged the jury as follows: "While it is true that all agreements concerning the sale of real property are merged into the writing when the deed is made, and the grantee in the deed cannot claim contrary thereto, yet I charge you that no writing is necessary to convey the title to personal property, and even though you should find that the tobacco barn stoker sued for in this case is personal property, yet if you find from the evidence in this case

that the same was included in the contract of sale between Mr. Slater and Mr. Coleman and the title thereto was intended to pass from Mr. Slater to Mr. Coleman, then I charge you that Dowd would be entitled to recover it, since he acquired what Mr. Coleman bought, and this is true despite the fact that no reference is made to the stoker in the deed of conveyance."

" 'The term "fixtures" may be deemed· to embrace all those chattels which, by reason of their annexation to the land, partake both of the nature of personalty and realty, irrespective of the question whether they are removable or not.' " *Burpee* v. *Athens Production Credit Assn.,* 65 *Ga. App.* 102, 105 (15 S. E. 2d, 526). "As between grantor and grantee, the strict rule of the common law obtains, and the general rule, in the absence of any agreement between the parties to the contrary, undoubtedly is that all fixtures, whether actually or constructively annexed to the realty, pass by a conveyance of the freehold." Bronson· on Fixtures, 245, § 44, cited in *Wolff* v. *Sampson,* 123 *Ga.* 400, 402 (51 S. E. 335). There is an exception to this general rule in the case of trade fixtures and also in the case of domestic fixtures which were placed upon the property by a tenant not engaged in trade. Thus, "the rule in reference to trade fixtures is applicable in cases of landlord and tenant, or where the tenant is in for a limited time, but it generally has no application between a grantor and grantee." *Wolff* v. *Sampson,* supra.

The undisputed evidence was that the stoker was used in several tobacco barns by moving it from one to the other and connecting it by means of an electric wire (very much like connecting a lamp, an electric stove, or refrigerator), and at the time of the execution of the deed it was detached from the realty and merely stored under a shelter on the property. As between the grantor and the grantee, the grantor, before the conveyance of his freehold, is the owner of all the fixtures, removable and permanent, as well as of the realty to which they are attached. It is in his power to make any fixtures mere personal property before the sale of the premises, either by severance, or by an express agreement in the instrument to duly reserve the fixtures to himself, or the right to remove annexed articles as personalty may be reserved by an extrinsic and collateral agreement. "It has

been held, however, that a parol reservation of fixtures made by the grantor before or at the time of the conveyance is ineffective, for the reason that parol contemporaneous evidence is inadmissible to vary the terms of a valid written contract." *Wolff* v. *Sampson,* supra. In *Richards* v. *Gilbert,* 116 *Ga.* 382 (42 S. E. 715), however, a parol agreement seems to have been treated as sufficient upon the question as to what fixtures (articles annexed to the realty) passed as a part of the realty. However, before the above rules, which all relate to *fixtures,* become applicable to the stoker in this case, it must appear that the stoker was a *fixture,* a chattel physically or constructively annexed to the realty at the time of the sale. In this case, the stoker was not a fixture. The undisputed evidence showed that it was in every way detached from the realty before the deed was executed and that it was merely personalty. "Anything detached from the realty becomes personalty instantly on being so detached" (Code, § 85-105); and "machinery, not actually attached, but movable at pleasure is not a part of the realty." *Ibid.*

The stoker was not mentioned in the only instruments of conveyance, the deed from Slater to Coleman and the deed from Coleman to Dowd, by which the grantee claims that title to the stoker passed to him; and since, under the evidence, it was not a fixture, it could not have passed as a part of the realty under the written instruments, in the absence of an express agreement written therein. It could have been included in the same deed conveying the realty, which it was not, or it could have been included in a valid extrinsic or collateral agreement, conveying the stoker to the grantee as personalty, but none appears—the plaintiff maintaining that there was. but one transaction for one consideration, which was reduced to writing in the warranty deed. Under the evidence, the stoker was mere personalty unattached to the realty at the time of the execution of the deed, and it was impossible to find that it passed as a matter of law with the realty; and since there was no valid extrinsic or collateral agreement shown, it was error for the court to charge that, even though the jury should find the stoker to be personalty, they could find that it passed with the realty under the deed.

Since the case must be returned for a new trial on account of

the error in the charge, it is unnecessary to pass at this time upon the general grounds.

The court erred in overruling the motion for a new tiral.

*Judgment reversed. Gardner and Townsend, JJ., concur.*