By the Court, Robertson, J.
The evidence of the successor of the decedent (Riley) goes far to sustain an ownership of many of the articles in controversy hy Mrs. Riley before her husband’s death; particularly as several of them were at his residence at the time of his death. The language of the testator never referred to his giving them to her. But as the claim is under the will it must stand upon it exclusively.
“ Household,” as used in the second clause of the will, is susceptible of two meanings. It may designate the character of the goods or furniture wherever or iü the possession of whomsoever they may he, or it may indicate whatever is connected with the testator’s domestic establishment, and employed as articles of use or ornament; although it may not be what is ordinarily known as furniture.
If “household furniture” is confined to articles ordinarily used as such, it is not very easy to determine what comes within the denomination. A great many articles were exempted from levy on execution and detailed in a statute of this state, including bedsteads with their appurtenances, fire irons, a stove and cooking utensils, chairs, a table and its furniture for meals, school and other hooks of a certain value, provisions, fuel, a spinning wheel, Weaving loom,- Woolen yarn and cloth, and even live stock and family pictures. (2 R. S. 367, § 22.) Yet a subsequent statute exempts frota execution, in addition to those thus specified, “necessary household furniture’’ (Laws of 1842, ch. 157. 3 R. S. 5th ed. 646, § 23.) It wpuld be difficult to imagine what beyond the articles enumerated would-be necessary household furniture, unless all articles of use and ornament in a family were included. • This is a legislative sanction of such a meaning of the words “household furniture.” This bequest, however, goes farther and adds “household goods,” which is nomen genetalis summo and fairly embraces articles commonly used in a’ family. I *28 think, therefore, the tables not used for a public refectory at the hotel, mirrors, glass and plated ware, and a marble clock being among the articles in controversy, would pass under one or other designation..
A testator may, however, render other things household goods or household furniture by his use of them. Books belonging to a well filled library, wines in a well stored cellar, paintings and statues in a large gallery, curiosities of an extensive museum, numerous specimens belonging to a well selected mineralogical or other collection may not he, or may be, household goods or furniture, according to their connection with the owner’s residence and his own and his family’s habitual use of and access to them. That mentor of the English language, the author of the Spectator, includes pictures as furniture, when he says “the furniture of the palaces in Venice is not very rich, if we except the pictures.” Furniture is not to he confounded.with cabinetmakers’ ware, for which it is frequently used, but implies any thing that furnishes or equips. Books, wines, curiosities, mineralogical or" other specimens, and even pictures and statues as well as plate come, under the designation of household furniture, in that sense, when .they are employed in domestic use or as ornaments of a residence. Thus in Bunn v. Winthrop, (1 John. Ch. 329,) plate was held to pass under a bequest of household goods and funiture, in consequence of being used in a family. In the case of Cole v. Fitzgerald, (1 Sim. & S. 189 ; S. C. 3 Russ. 301,) a separation of effects was made on the same distinction. The subject of that decision was a bequest of “household furniture and other household effects of or belonging to the testator’s dwelling house and premises.” It was held to include every article of personal property in the house or on the premises, intended for ornament, use or consumption. Pictures, books, wines and liquors, models, an organ, pistols and a turning lathe passed under it. Eowling pieces not kept for the defense of the house, a cow and a pony were excluded. The admissibility of a haystack turned entirely on the question whether it was kept for" consumption or sale.
*29 Applying these principles to the articles in question, the curiosities at the testator’s house should be held to pass under the denomination used in the bequest. The finding of the court was that the decedent furnished his house including them. By keeping them at his house, he undoubtedly meant to separate them from the others and .make them household goods.
There is no evidence that the decedent took to his residence in Yarick street any pictures, prints or statues. These do not appear to have- been part of the museum, or separately hired to the occupant of the hotel. He evidently intended to remove them as he wanted them, and only left them as a temporary deposit at his wife’s request, who said she could get them as she wanted them. The testator then spoke only of leaving the curiosities, and the occupant assented to Mrs. Riley’s taking them. This does not sustain any finding that they were let with the hotel. The wife showed a strong reluctance to adandon her residence,. break up the collection of pictures and statues and dispose of goods made with her own hands. Her husband consulted her as to their disposition and recognized her ultimate ownership. This shows a strong individual attachment to them, a recognition of them as domestic objects of art and family ornament, not as things kept for sale or hire. Clearly, the mere temporary absence of them from the testator’s residence ought not to deprive them of their household character. All pictures and statues not used as ornaments of the public bar-room therefore passed under this bequest.
.The silver plate mentioned in the inventory annexed to the answer, which had not been used in the testator’s private residence, curiosities not found there, large vessels, suitable only for a hotel, as well as billiard tables with their appurtenances, used at the hotel, did not pass under the bequest.
As the judgment is erroneous, therefore, as to the ownership of some of the articles, it is also as to the hire of them, which must be apportioned according to the interest of the parties in the artiples.
*30 If the parties can agree as to 'which of the curiosities were found at the testator’s house, what pictures, prints and statues of his were not used in the public bar-room of the hotel at the time of the testator’s decease, as well as their value, and also that of the articles herein before declared not to pass under the bequest, and the deduction to be made therefor from the value of the-hire of the articles in controversy, the judgment can be modified, without costs -to either party, by striking out or excepting such articles from the judgment, and deducting their proportionate share of the hire of all the articles therefrom. Otherwise the judgment must be modified so as to allow a reference to ascertain those facts. Judgment to be rendered according to the report thereon, and the costs of such reference as well as the plaintiffs’ costs to be paid the defendants out of the estate of their testator, except the costs of the appeal, on which none are given to either party. The order to be settled on two days’ notice before one of the judges of the court.