LEONARD B. LINDSLEY and ISAAC B. COTTRELL *v.* THE
EUROPEAN PETROLEUM COMPANY.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1870.)

Where an answer admits the making and delivery of a promissory note, and sets up an affirmative defence, the affirmative is with the defendant, who is entitled to open and close; and the refusal of the court to allow him so to do is error, for which the judgment will be reversed and a new trial ordered.

THIS was an action brought to recover the amount of thirteen promissory notes made by the European Petroleum Company, to the order of L. E. Lahens, and indorsed by Lahens to the plaintiffs.

The answer of the defendant was as follows: " The defendant comes into court and answering the complaint of plaintiffs, admits the making, indorsement, transfer and delivery of the said notes and denies the other allegations therein contained." And then proceeded to set forth an affirmative defence. Upon the trial before a referee, the defendant's counsel proposed to open the case, and insisted on his right so to do, on the ground that the burden of the proof was on the defendants and that the affirmative was with them. The plaintiffs' counsel objected, and claimed that he was entitled to open and close the case. The referee

decided that the plaintiffs were entitled to open and close the case, to which decision defendant's counsel excepted. The counsel for plaintiffs thereupon opened the case, produced the promissory notes mentioned in the complaint and rested. The referee having decided in favor of plaintiffs, the defendant appealed to the General Term upon the foregoing and other exceptions.

*Frederick R. Coudert*, for the appellant, argued as follows on the point above suggested : The referee erred in his ruling to the effect that the plaintiffs were entitled to open and close.

1st. The defendant specifically admitted all the facts in the complaint contained that were necessary to the recovery of plaintiffs, viz.: " The making, indorsement, transfer, delivery and non-payment " of the notes in suit. The subsequent denial was manifestly intended to dispute the lawfulness of the claim and nothing more. If the affirmative defence in the answer was established on the trial, then the plaintiffs were not the lawful owners of the notes in suit, and the defendant was not justly indebted on the notes. If no affirmative defence was proven, then the plaintiffs were entitled to judgment without any proof whatever.

2d. It being clear that the affirmative was with the defendant, we submit that the error of the learned referee in denying them their right to open and close is a subject of review by the appellate court, and that the defendant on this ground alone is entitled to a new trial. (*Huntingdon* v. *Conkey*, approved in 31 N. Y. R., 614, 33 Barb., 218 ; *Davis* v. *Mason*, 4 Pick., 158 ; *Brooks* v. *Barrett*, 7 Pick., 98 ; 8 Metcalfe, 64; 7 Cush., 533 ; *Rolum* v. *Hauson*, 11 Cush., 44 ; *Hoxie* v. *Green*, 37 How., 97.)

3d. Nor is it for the defendant to show that the error of the referee prejudiced him. It is for the plaintiffs to prove the negative of that proposition. (*Greene* v. *White*, 4 Trans. App., 37 N. Y., 384.)

*George C. Genet*, and *James C. Carter* for respondent, argued that the denial of "*all other allegations*," was sufficient to entitle plaintiffs to the affirmative, and moreover, that it was a question within the discretion of the referee, and his ruling thereon would not be reviewed.

Present—INGRAHAM, P. J., BARNARD and BRADY, JJ.

After argument, the court declined to look into the other exceptions in the case, and held that the referee erred in not allowing the defendant to open and close the case, and reversed the judgment accordingly.

Judgment reversed.