We think the referee erred in receiving evidence of the pecuniary inability of the son, upon the question whether the plaintiff gave credit to him or to the father. It was not legitimate evidence, and had no direct bearing upon the question. At most it only tended to create a moral probability, that the plaintiff would have been more likely to give credit to the father, but it is too uncertain and remote to afford any reasonable presumption of the principal fact. No fair inference can be drawn that one person received credit instead of another, because he happened to have the most property. Men are often trusted on account of their good character and strict integrity, and sometimes upon their business capacity, and sometimes upon their future prospects. There are too many circumstances which may exist to cause a credit to be given, to permit the amount of a person's property to be thrown in the scale upon such a question, especially as nothing was said by the parties on the subject. (33 N.Y., 656; 45 id., 791.)
The referee also erred in receiving evidence that the father had paid debts of other persons against the son. These were collateral facts, having no relation to the question at issue, and from which no reasonable inference could be drawn. The reason why such evidence is inadmissible is, that it is calculated to mislead the jury or referee from the true point in issue. (1 Greenl. on Ev., § 52, and cases cited.) The fact that a father has paid some debts of a son, is no evidence that he has promised to pay others, or even those which he has paid. The learned judge who delivered the opinion at the General Term, while admitting that the question was a close one, thought the decision in favor of receiving this evidence might be justified, upon the ground of agency, in contracting debts for his father, but, with great respect, I do not think there was any such question in the case. The liability of the defendant was predicated upon an express and original undertaking on the part of the defendant. Upon no other ground could the defendant be held liable, and no other ground was claimed. There was no question of agency *Page 337 
in the case. The account was charged to the son, and the defendant's liability was predicated solely upon the claim that he directed the account to be thus kept against himself, and had treated it as his own account. There is no principle which justified this evidence, and we cannot say that it did not influence the referee in his conclusion of facts in the case. (51 Barb., 346; affirmed in this court, 41 N.Y., 620; 43 id., 200.)
There are other important questions presented, but they are so dependent upon the facts and the findings of fact, that a discussion of them, as the case is now presented, would not necessarily prevent further litigation, and might be of no practical value, and we, therefore, refrain from considering them.
The judgment must be reversed, and a new trial granted, costs to abide the event.
All concur.
Judgment reversed.