EDWARD WALLIS, APPELLANT, v. JAMES J. RANDALL, RESPONDENT, IMPLEADED WITH EDWIN PIERCE.

*Evidence — when the value of property covered by a mortgage is admissible, to show that a transfer of the mortgage was a payment, and not made by way of security.*

This action was brought to recover an amount alleged to be due from the defendant Randall on land purchased by him from the plaintiff. The question was whether a mortgage, for $4,800, on other land, transferred by defendant to plaintiff at the time of the sale, was intended as an absolute payment of that amount, or only as a security therefor. There was a prior mortgage for $6,000 on the same property covered by the one transferred. Upon the trial evidence was admitted against plaintiff's objection and exception, to show that, at the time of the transfer, the property covered by the mortgages was worth more than the aggregate amount of both.

*Held,* that the evidence was properly admitted, as tending to show that the transfer of the mortgage was intended as a payment. (BOCKES, J., dissenting.)

APPEAL from a judgment in favor of the defendant entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action is brought to recover part of the purchase-price of certain real estate sold by the plaintiff to the defendants in 1869. At the time of the sale a mortgage for $4,800 was transferred by the defendant Randall to the plaintiff. It was a second mortgage, there being a prior one for $6,000 on the same property, which was held by Randall. Subsequently Randall foreclosed his mortgage and bought in the premiums, there being no surplus out of which to pay the $4,800 mortgage. The principal question in the case was, whether the $4,800 mortgage was accepted by the plaintiff as an absolute payment, or as a security only for such payment.

Upon the trial evidence was received against plaintiff's objection and exception, to show that the farm, at the time of the transfer, was worth more than both of the mortgages.

*Lansing & Lyman*, for the appellant.

*L. B. Kern* and *D. W. Cameron*, for the respondent.

LEARNED, P. J. :

I am not able to agree with the view expressed in the opinion of Judge BOCKES that evidence of the value of the farm was inadmissible. If A. owed B. a debt of $1,000, and A. claimed to have paid it by the transfer of a farm, it seems to me that to show that the farm was worth only $100 would be evidence which would have, and ought to have, some weight in deciding the question.

And so if the dispute were whether the land transferred were a payment or a security of that debt, proof that it was worth $10,000 would influence any mind out of court; and, I think, might properly influence even minds in court.

If one were attempting to prove payment in money, I suppose he would not be limited to proof that he handed the creditor a roll of United States currency, but might show how much there was ; in other words, the value ; and if the debtor averred that he had delivered $5,000 in bills to secure a debt of $1,000, and the

creditor averred that that amount had been delivered in payment of that debt, I think that the value delivered would be very material.

I concur in the view that the case presents a question of fact, and that there is no ground for reversal on the fact, and I therefore think the judgment should be affirmed, with costs.

BOCKES, J. (dissenting):

There was but one question before the court and jury; that was, whether the mortgage mentioned in the defendant's answer for $4,800 was taken and accepted by the plaintiff as payment to him, or as security for that amount of the purchase-price of the mill farm. The counsel for the plaintiff, in opening the case on the trial, stated that the plaintiff did not seek or claim to recover on the ground of fraud or breach of warranty; and the case was tried to the end and submitted to the jury on the sole issue, whether the mortgage was taken in payment or as security. Now, on this issue, the value of the farm covered by the mortgage was wholly irrelevant and immaterial. The admission, however, of immaterial and irrelevant evidence is not in all cases ground of error. If it can be seen that it did no harm to the party objecting, as is frequently the case, error cannot be predicated on its admission. The question in this case is, therefore, whether this evidence was in reasonable probability innoxious to the plaintiff, who took exception to its admission. The $4,800 mortgage was a second mortgage on the premises covered by it. There was a prior mortgage thereon securing the payment of $6,000. Now, on the issue whether the $4,800 mortgage was taken and accepted by the plaintiff as payment or as security for that amount, proof that the farm was worth a sum exceeding both mortgages might, and probably did have an influence upon the mind of the jury unfavorable to the plaintiff's case. The plaintiff testified that he took the mortgage as security. The defendant, on the contrary, was equally emphatic in his testimony, that it was given and accepted in payment. Each was corroborated to a considerable extent by their witnesses. In this state of the proof it can hardly be otherwise than that the evidence, that the farm was worth a sum exceeding the amount of both mortgages, had influence with the jury

unfavorable to the plaintiff. This was bringing into the case, as direct evidence, a fact on which to base a probability merely. The reasoning of Judge Church in *Green* v. *Disbrow* (56 N. Y., 334), well applies here. The question in that case was whether credit was given to the son or to his father. Evidence of the pecuniary inability of the son was admitted against objection. Judge Church held its admission to be error. He said : " It was not legitimate evidence, and had no direct bearing on the question. At most it only tended to create a moral probability that the plaintiff would have been more likely to give credit to the father; but it is too uncertain and remote to afford any reasonable presumption of the principal fact." So, in the case in hand, the evidence we are considering only tended to create a moral probability that the plaintiff was more likely to take the mortgage as payment than he otherwise would have been. It did not tend to prove any bargain or understanding between the parties as to how the mortgage was taken; nor did it tend to corroborate or impeach any witness. Its admission is sought to be vindicated, on the ground that it proved certain representations, made by the defendant as to the security being good, and put in evidence by the plaintiff, to have been true. But those representations came in only as an immaterial part of what was said between the parties, when the alleged contract or understanding as to how the mortgage was taken was made. Besides, there was no occasion for proving the truth of those representations on the part of the defense, as the action was not in fraud, nor for breach of warranty as to the value of the mortgaged premises. The plaintiff expressly waived any right of recovery on either of these grounds.

It is also urged that the case on the evidence, other than that under consideration, is very plainly with the defendant on the question submitted to the jury, hence that the admission of such evidence, if improper, did not and could not work harm. But we are not at liberty to hold, as matter of law, that the case was and is conclusively with the defendant on the proof. Certainly there was a sharp conflict in the statements of the plaintiff and defendant, and there was much corroborating proof also. Thus it was a case for the jury. If it was a proper one for the jury, as it

undoubtedly was, the plaintiff may insist that it should be considered by them on entirely legitimate evidence.

I am of the opinion that the admission of the proof showing that the mortgaged premises exceeded in value the amount of both mortgages, constitutes a substantial ground of error. This conclusion renders an examination of the other alleged errors unnecessary.

The judgment should be reversed.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.