## WILLIAM H. CROSSMAN *vs.* HANNAH M. BALDWIN.

The defendant contracted to purchase of the plaintiff all the furniture in a certain hotel used by him in the business of inn-keeping. Held that a piano that had been kept by the plaintiff in the parlor of the hotel for the use of its guests came within the contract.

And held that the plaintiff upon the trial might properly introduce the testimony of hotel keepers, that a piano was in their opinion a proper article of hotel furniture.

COVENANT BROKEN; brought to the Superior Court in Litchfield County, and tried to the court before *Hitchcock, J.* Judgment for the defendant, and motion by the plaintiff for a new trial. The case is fully stated in the opinion.

*H. B. Graves*, in support of the motion.

*C. B. Andrews*, contra.

CARPENTER, J. The defendant contracted with the plaintiff in writing, under seal, for the purchase of all the furniture in the Mansion House, a hotel in the village of

Litchfield, "used by said Crossman in the business of inn-keeping." A piano valued at $200 she refused to receive' and pay for. In an action of covenant broken the sole question was whether the piano was furniture within the meaning of the contract. Judgment was rendered for the defendant and the plaintiff moved for a new trial.

The motion shows that the plaintiff "offered evidence of witnesses and claimed therefrom that said piano was and had been kept by him in said Mansion House, in the parlor and sitting-room thereof, for the use of the guests of said hotel, both transient and permanent, as a part of the furniture used by him in the business of inn-keeping at said hotel." It also states that "the court, upon all the evidence in the case, decided that the piano in question, used as the evidence showed it to have been, was not an article of furniture within the terms of said agreement."

It does not appear that the defendant offered any evidence on that.point or claimed that the piano was used otherwise than as the plaintiff claimed.

As we interpret the motion the court did not pass upon a question of fact merely, but decided as matter of law that the piano, used as the plaintiff's evidence showed it to have been, was not furniture. In this we think the court erred. That a piano used as this was is furniture used in inn-keeping we can entertain no doubt.

The definition of furniture given by Bouvier in his Law Dictionary is as follows:—"Personal chattels in the use of a family. By the term household furniture in a will, all personal chattels will pass which may contribute to the use or convenience of the householder, or the ornament of the house, as plate, linen, china, both useful and ornamental, and pictures." Webster defines it as "that which furnishes, or with which anything is furnished or supplied; fitting out; supply of necessary, convenient, or ornamental articles, for any business or residence; also, a supply of intellectual stores or equipments." That these definitions are comprehensive enough to include this piano admits of no question.

The plaintiff also offered the evidence of several hotel keepers to prove that in their opinion a piano was a proper and necessary article of furniture to be kept in a hotel for the use of its guests. The defendant objected and the court excluded it.

We think the testimony was admissible. It was an offer to show by men familiar with the business its needs, and it tended to prove that it is customary for hotel keepers to keep pianos to be used in connection with their business, for the convenience and pleasure of their guests, and that they are proper articles of hotel furniture.

A new trial is advised.

In this opinion the other judges concurred.