## GEORGE BENEDICT, RESPONDENT, *v.* THOMAS D. PENFIELD, APPELLANT, IMPLEADED, ETC.

*Practice — as to which party has the affirmative of the issue — evidence — hypothetical opinions inadmissible — when a verdict will be set aside because of the admission of irrelevant evidence.*

In this action, brought upon a bond dated January 24, 1881, given to a sheriff to indemnify him from all damages and costs that might be incurred, by reason of a levy and sale made by him, the answer did not admit the delivery of the bond.

*Held,* that as the plaintiff was bound to prove this fact, he had the affirmative of the issue.

*Lindsley* v. *European Petroleum Company* (3 Lans., 176) and *Millerd* v. *Thorn* (56 N. Y., 404) distinguished.

The defendant, having testified that he signed the bond in question upon the representations of one Risley that he (the defendant) was on a former bond, was asked by his counsel "would you have signed the bond if these representations had not been made to you."

*Held,* that the question was properly excluded.

Upon the trial the plaintiff, after proving that a bond or undertaking on appeal, dated September, 1882, was executed, was allowed to put the same in evidence, the objection of the defendant's counsel that it was incompetent and immaterial being overruled by the court:

*Held,* error; that as the evidence so admitted was irrelevant to the issues involved and might have prejudiced the defendant's case before the jury, and as the questions of fact upon which the decision of the case turned were sharply contested, the judgment should be reversed and a new trial granted.

APPEAL from a judgment entered on a verdict rendered at the Oneida Circuit, for the sum of $3,237, and, also, from an order denying a motion for a new trial, made on the minutes of the justice before whom the action was tried.

The action was brought upon a bond of indemnity given to a sheriff to indemnify him against any loss or damages which he might sustain by reason of a levy and sale which he had made. The defense was that the defendant Penfield was induced to execute the bond by false and fraudulent representations made to him.

*William Kernan,* for the appellant.

*Beardsley & Beardsley,* for the respondent.

HARDIN, P. J.:

Plaintiff, to recover, was required to produce the bond and to establish its delivery by the defendant. Plaintiff was entitled to give evidence of its actual delivery to him, as he did testify, in addition to the production of the bond, upon the question of its actual delivery. CLIFFORD, J., says, in *Good* v. *Martin* (95 U. S., 96): "As the delivery is something that occurs subsequently to the execution of the instrument, it must necessarily be a question of fact when the delivery was made. Parol proof is, therefore, admissible to show when that took place." * * * Defendant's answer did not admit the delivery of the bond. It was, therefore, incumbent upon the plaintiff to give such proof as would warrant a finding of the fact that it was delivered to the plaintiff. It was not error to hold that the plaintiff had the burden of proof and the affirmative of the issue. (*Huntington* v. *Conkey*, 33 Barb., 218; *Elwell* v. *Chamberlin*, 31 N. Y., 611.)

The case of *Lindsley* v. *European Petroleum Company* (3 Lans., 176) is unlike this, as in that case *the making of the note*, which includes its delivery, was admitted by the answer. *Millerd* v. *Thorn* (56 N. Y., 404) is unlike this case, as there the answer admitted the purchase of the goods sold, and set up an affirmative defense.

Defendant, as a witness, stated the circumstances and representations which induced him to sign the bond in question, and added: "I sign this new bond, relying upon these representations of Mr. Risley that I was on the former bond." Then he was asked by his counsel, viz.: "Q. Would you have signed the bond if those representations had not been made to you?" The question was objected to as incompetent and immaterial, and the court excluded it, and defendant excepted. If the jury found that the defendant told the truth, when he said that he relied upon the representations made, then it was immaterial to inquire what the defendant would not have done without the representations. ANDREWS, J., says, in *Taylor* v. *Guest* (58 N. Y., 266), "it is incumbent upon the party claiming to recover in an action for deceit, founded upon false representations to show that he was influenced by them." To that point the defendant had testified sufficient to bring his case, if believed, within the rule stated in the case just alluded to, and it was not error to exclude the question propounded, which, at most,.

called for a hypothetical opinion. January 24, 1881, is the date of the bond in suit. It was acknowledged on the 31st day of January, 1881. Plaintiff testified he received it after it was acknowledged, " within a day or two after its date; received it from Mr. Penfield's own hands. It was acknowledged before I received it."

Upon the trial the plaintiff proved that a bond or undertaking, on appeal, executed by the defendant Thomas D. Penfield and another, was executed and dated September, 1882, and offered it in evidence. Defendant objected, as incompetent and immaterial, and his objections were overruled, and he excepted, and the undertaking was read in evidence, and by it the fact that defendant executed it was made to appear. We think the evidence was irrelevant to the issues. It did not legitimately bear upon any of the questions involved. It did not tend to show that the representations alleged, which induced the execution of the bond in suit, were not made. It did not tend to show that the defendant had signed a prior bond. It did not tend to show that defendant did not rely upon the representations which he says induced him to sign the bond in suit. (*People* v. *Bragle*, 88 N. Y., 585 ; *Green* v. *Disbrow*, 56 N. Y., 334.) It has been said that no evidence is admissible which does not tend to prove or disprove the issue joined. (3 Starkie on Ev., 387 ; 1 Green. on Ev., §§ 51, 52.)

This rule excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principle fact or matter in dispute. (See *Townsend Mfg. Co.* v. *Foster*, 51 Barb., 346 ; S. C., affirmed, 41 N. Y., 620, and approved in *Green* v. *Disbrow, supra*.) Being irrelevant to the issues involved, it may have prejudiced the defendant's case before the jury. We cannot say that it did not influence the verdict. The error must be held sufficient to reverse the judgment, " unless it clearly appears the defendant was not prejudiced by the error." (*Starbird* v. *Barrons*, 43 N. Y., 204; *Green* v. *Disbrow, supra.*) The question of fact, upon which the case turned, was very sharply contested and involved in conflicting evidence, and the jury may have been influenced by the irrelevant evidence, to which reference has been made. (*Townsend Mfg. Co.* v. *Foster*, 51 Barb., 346.) Therefore, there should be a new trial.

BOARDMAN and FOLLETT, JJ.

We think the results of the trial were right, but concur with reluctance in granting a new trial, for the reasons stated by Brother HARDIN.

Judgment and order reversed, and a new trial ordered, with costs to abide event.