### GOLDMAN v. BRANDT.

(*City Court of New York, General Term.* May 31, 1889.)

1. EVIDENCE—COMPETENCY.

Where the issue in a suit was whether a note of a third party had been taken by plaintiff in payment of defendant's account, a receipt by plaintiff's son, acknowledging that it had been received in full payment, the son having been authorized to accept the note, but not to sign any writing acknowledging full payment, was not competent evidence.

2. SAME—RES GESTÆ.

Evidence of transactions some weeks after the delivery of the note was incompetent, and no part of the *res gestæ.*

Appeal from special term.

Argued before McADAM, C. J., and NEHRBAS and HOLME, JJ.

*David Leventritt,* for appellant. *Julius Goldman,* for respondent.

PER CURIAM. The issue to be determined was whether the plaintiff accepted the note of Washing & Palmer in "full satisfaction" of the plaintiff's demand. In order to prove the payment, the defendant offered in evidence a receipt, in these words: "New York, June 6th, 1888. Received of L. Brandt, his order, to Washing & Palmer, for three hundred and seventy-one 75-100 dollars, in full up to date. OTTO GOLDMAN." The plaintiff objected to the reception of the receipt. The court admitted the receipt in evidence, and the plaintiff excepted. We think the evidence was incompetent. It was not signed by the plaintiff, or by his authority. The plaintiff authorized his son to accept the note or order, but gave him no authority to sign any writing acknowledging the fact that it was received "in full" or in full payment. We also think the court erred in allowing the questions at folios 31, 32, 44, 45, 51. They related to transactions that transpired some weeks subsequently to the making and delivery of the note, and were no part of the *res gestæ.* See *Waldele* v. *Railroad Co.*, 95 N. Y. 274; *Wilson* v. *Pope*, 37 Barb. 321; *Moore* v. *Meacham*, 10 N. Y. 207; *Green* v. *Disbrow*, 56 N. Y. 334. That the error prejudiced the plaintiff is clear. The evidence, though incompetent, evidently influenced the jury, and may have controlled them in arriving at a result. For these reasons the judgment appealed from must be reversed, with costs to abide the event.