### IDEN *v.* SOMMERS.[1]

*(Superior Court of New York City, Jury Term.* January, 1892.)

CONDITIONAL SALE—SUBSEQUENT PURCHASERS—"HOUSEHOLD GOODS."

Gas fixtures are "household goods," within Laws 1886, c. 495, which exempts. such goods from the operation of Laws 1884, c. 315, declaring that the reservation of ownership in a contract for the conditional sale of goods, where possession is given shall be void as to subsequent purchasers and mortgagees in good faith, unless the contract is filed as required by law.

Action by Henry Iden against Isaac Sommers to recover for the conversion of certain gas fixtures which had been sold by plaintiff to one Wolff on the installment plan, title being reserved to plaintiff until payment of the price should be made. Wolff, without paying the price, mortgaged the property to defendant, who sold it under foreclosure, which was the conversion alleged. A verdict was directed for plaintiff, and defendant moves for a new trial on the judge's minutes. Denied.

*C. A. Hess.* for the motion. *A. Kling,* opposed.

McADAM, J. The property, consisting of "gas fixtures," was leased by the plaintiff to Wolff on the conditional sale and installment plan, title to remain in plaintiff until the fixtures were paid for. While the property was in the possession of Wolff he mortgaged the property to the defendant, who subsequently foreclosed his mortgage and disposed of the fixtures, thereby making himself liable to the plaintiff in trover as for conversion. *Lempke* v. *Peterson,* 1 City Ct. R. 15. The defense is that the defendant had no knowledge of the conditional agreement under which Wolff held the property, and that the plaintiff having neglected to file such agreement, "with the conditions and reservations therein," those providing that title to the fixtures. should remain in the plaintiff until they were paid for became inoperative and void. Laws 1884, c. 315.[1] There would be force in this objection but for the fact that the act cited does not apply to "household goods," (Laws 1885, c. 488; Laws 1886, c. 495;[2]) and "gas fixtures" are "household goods," within the proper meaning of that term. They are sometimes comprehended by the

[1]Laws 1884, c. 315, provides as follows: "In every contract for the conditional sale of goods and chattels hereafter made, which shall be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things contracted to be sold, all conditions and reservations which provide that the ownership. of such goods and chattels is to remain in the person so contracting to sell the same, or other person than the one so contracting to buy them, until said goods or chattels are paid for, or until the occurring of any future event or contingency, shall be absolutely void, as against subsequent purchasers and mortgages in good faith, and as to them the sale shall be deemed absolute, unless such contract for sale, with such conditions. and reservations therein, or a true copy thereof, shall be filed as directed in the succeeding section of this act."

[2]Laws 1886, c. 495, provides that the act of 1884 "shall not apply to household goods: * * * provided, that the contract for the sale of the same be executed in duplicate, and one duplicate shall be delivered to the purchaser."

[1]Affirmed on appeal to general term. 18 N. Y. Supp. 779

term "furniture," which means "that which furnishes or whatever is added to the interior of a house for use or convenience," (*Bell* v. *Golding*, 27 Ind. 179; *Crossman* v. *Baldwin*, 49 Conn. 491; Burrill, Law Dict. p. 33,) and includes brass-work, knobs, window shutters, etc., (Worc. Dict.) In *Shaw* v. *Lenke*, 1 Daly, 487, "gas fixtures" are included in the terms "articles of furniture movable in their nature," although attached by screws, nails, brackets, etc. See, also, *Lawrence* v. *Kemp*, 1 Duer, 363; *McKeage* v. *Insurance Co.*, 16 Hun, 239, affirmed 81 N. Y. 38. In *Carnagy* v. *Woodcock*, 2 Munf. 234, the phrase "household goods" is defined as more comprehensive than "furniture," including everything in and about the house that has usually been held and enjoyed therewith, and would tend to the comfort and accommodation of the householder. See, also, 9 Amer. & Eng. Enc. Law, 782, note 3; *Paton* v. *Sheppard*, 10 Sim. 186; *Manning* v. *Purcell*, 2 Smal. & G. 284. The expression "household goods" includes every article of personal property in the house or on the premises intended for ornament, use, or consumption, (*Dayton* v. *Tillou*, 1 Rob. N. Y. 21,) even coal and wood provided for the use of the family, (*In re Fraser*, 92 N. Y. 239.) These articles do not lose their generic character by being placed in a saloon or store, unless the intention to exclude them from the operation of the term "household goods" is made apparent, and that is not so here. It is the species of property, rather than the temporary use made of it, that determines its true character under the statute. So considered, it follows that "gas fixtures" are, by force of the acts of 1885 and 1886, *supra*, taken out of the operation of the act of 1884, *supra*, requiring conditional sale agreements to be filed. The acts of 1885 and 1886 were passed in the interest of those who sell "household goods" on the installment plan, and must be liberally construed to effectuate their purpose. The objection that a duplicate copy of the agreement was not delivered to Wolff was not made at the trial, when it might have been obviated, and cannot be raised for the first time now. Cases cited in *Furguson* v. *Investment Co.*, (City Ct. N. Y.) 11 N. Y. Supp. 738. If the construction aforesaid be correct, the verdict in favor of the plaintiff was properly directed, and the motion for a new trial must be denied.