by the defendant in his answer are conclusive upon him. Under these circumstances; the legal conclusions reached are the logical and inevitable result. Even in the absence of an actual intent to hinder, delay, or defraud creditors, a conveyance of property, the only consideration of which is an agreement on the part of the transferee that he will apply the proceeds in payment of the debts of the transferrer, is void, unless executed in the manner prescribed for a general assignment. *Britton* v. *Lorenz*, 45 N. Y. 51. And a conveyance in consideration of future services of any kind is also void against then existing creditors. *Davis* v. *Briggs*, (Sup.) 5 N. Y. Supp. 323; *Swift* v. *Hart*, 35 Hun, 128. The exceptions taken by the defendant are untenable. The judgment should be affirmed, with costs.

---

## COLLINS *v.* LONG ISLAND R. CO.

*(Superior Court of New York City, General Term.* May 2, 1892.)

ACCIDENT AT RAILROAD CROSSING—JOINT NEGLIGENCE.

> Plaintiff was injured at a railroad crossing while being driven across it in a livery stable carriage by a livery stable driver. There were facts from which the jury might have found that both the driver and the railroad company were jointly negligent. *Held*, that the court erred in submitting to the jury the question whether the company by itself, or the driver by himself, was negligent.

Appeal from jury term.

Action by Mary Collins against the Long Island Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*E. C. James* and *F. G. Gedney*, for appellant. *E. B. Hinsdale*, for respondent.

PER CURIAM. The action was for damages from the alleged negligence of defendant. The plaintiff was in a carriage, hired at a livery stable, and driven by a man from that stable. The driver was proceeding to cross the defendant's railroad, when a train was approaching. The carriage was on the track when the train struck it. The plaintiff was thereby hurt. On the trial the plaintiff's counsel asked the court to charge the jury that, if the negligence of the defendant contributed to cause the injury, then it is no excuse to the defendant that the driver may have been negligent. The court recognized the principle of law involved in the proposition, yet believed it to be inapplicable to the facts of the case. "I think in this case the controlling question is, was this the negligence of Burke, the driver, or was it the negligence of the railroad?" It seems from the facts as they appear on the appeal that the jury might have found that both the driver and the railroad were jointly negligent. It was admitted on the trial that the negligence of the driver could not be imputed to the plaintiff. This question of joint negligence was not sent to the jury. They were only asked if the railroad by itself was negligent, or if the driver by himself was negligent. The plaintiff did not have the benefit of finding from the jury whether each was partly negligent, and therefore both jointly negligent. For this reason there should be a new trial. Judgment reversed, new trial ordered, with costs to appellant to abide the event.

---

## IDEN *v.* SOMMERS.

*(Superior Court of New York City, General Term.* May 2, 1892.)

CONDITIONAL SALE—SUBSEQUENT PURCHASERS—"HOUSEHOLD GOODS."

> Gas fixtures are "household goods," within Laws 1886, c. 495, which exempts such goods from the operation of Laws 1884, c. 315, declaring that the reservation of ownership in a contract for the conditional sale of goods, where possession is given, shall be void as to subsequent purchasers and mortgagees in good faith, unless the contract is filed as required by law. 18 N. Y. Supp. 189, affirmed, without opinion.

Appeal from jury term.

Action by Henry Iden against Isaac Sommers. From a judgment entered on a verdict directed by the court in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Hess, Townsend & McClelland,* for appellant. *Abram Kling,* for respondent.

PER CURIAM. The judgment and order should be affirmed, with costs, upon the opinion filed by the trial judge (18 N. Y. Supp. 189) on denying defendant's motion for a new trial.

---

MONNET *et al. v.* MERZ.

*(Superior Court of New York City, General Term. May 2, 1892.)*

FACTORS—ACCOUNTING—COMPROMISE OF CLAIMS FOR DUTIES.

An action was brought by a foreign consignor against a domestic consignee for an accounting. Defendant claimed credit for a sum paid the government in compromise of a suit to recover for undervaluations of import duties. *Held,* in the absence of any evidence of authority from plaintiff to defendant to make the compromise on joint account, that the referee erred in charging plaintiff with any part thereof. *Monnet v. Merz,* 27 N. E. Rep. 827, 127 N. Y. 153, followed.

Appeal from judgment on report of referee.

Action by Prosper Monnet and another against Henry Merz. From a judgment for defendant, plaintiffs appeal. Reversed.

For decision on motion to dismiss appeal, see 17 N. Y. Supp. 380. See, also, 27 N. E. Rep. 827, modifying 5 N. Y. Supp. 913.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*W. H. Arnoux,* for appellants. *William Man,* for respondent.

PER CURIAM. The action is virtually for an accounting between the plaintiff, a foreign consignor, and the defendant, his consignee in this country. This appeal involves the correctness of a ruling, which charged the appellant with the sum of $6,126.09. That charge arose from the following facts. The plaintiff consigned certain goods to the defendant. After they had arrived in this country, the United States began a suit against the defendant to recover $75,000, under sections 2839, 2864, Rev. St. U. S., and section 16, Act June 22, 1874. On February 9, 1883, the United States accepted from the defendant an offer of compromise of $10,002.12, and discontinued the action. The respondent claims the amount paid in compromise should be charged to plaintiff. The claim is not valid, for the reasons stated in *Monnet v. Merz,* 127 N. Y. 153, 27 N. E. Rep. 827, unless it appears by the evidence on this appeal that the plaintiff authorized or took part in the compromise. The evidence does not show any authority from the plaintiff to compromise on joint account. A proposition to that effect made by the plaintiff to the defendant was refused by the latter. The offer did not thereafter continue. Nothing can be inferred on this subject unfavorably to the plaintiff from his omitting to answer concerning the suit, for as to that he had no obligation. The telegram, "We refuse custom house compromise of 70,000 frs.," as there was but one compromise in a suit claiming 75,000 frs., clearly referred to the compromise for $10,000. The defendant failed to establish that the plaintiff authorized or was a party to the compromise. The referee charged the plaintiff with one half of the amount of the compromise. This was not valid, and the plaintiff's appeal should prevail. The appeal is only from the judgment so far as that is affected by the charge that has been examined. The judgment, therefore, should be reversed as to such matter and a new trial ordered, with costs to abide the event, and the order of reference vacated.