McAdam, J.
“ Theproperty consisting of ‘ gas fixtures was leased by the plaintiff to Woolf on the conditional sale and installment plan, title to remain in plaintiff until the fixtures were paid for. While the property was in the possession of Woolf he mortgaged the property to the defendant, who subsequently foreclosed his mortgage and disposed of the fixtures, thereby making himself liable to the plaintiff in trover as for conversion. Lempke v. Peterson, 1 City Ct. R., 15. The defence is that the defendant had no knowledge of the conditional agreement under which Woolf held the property, and that the plaintiff having neglected to file such agreement ‘with the conditions and reservations therein,’ those providing that title to the fixtures should remain in the plaintiff until they were paid for became inoperative and void. Laws, 1884, chap. 315. There would be force in this objection but for the fact that the *179 act cited does not apply to ‘household goods’ (Laws, 1885, chap. 488; Laws 1886, chap. 495), and ‘ gas fixtures ’ are ‘ household goods ’ within the proper meaning of that term. They were sometimes comprehended by the term ‘ furniture,’ which means £ that which furnishes or whatever is added to the interior of a house for use or convenience,’ Bell v. Colding, 27 Ind., 179; Crossman v. Baldwin, 49 Conn., 491; Burrill's Law Diet., p. 33, and includes brass work, knobs, window shutters, etc. (Worc. Dic.). In Shaw v. Lenke, 1 Daly, 487, £ gas fixtures ’ are included in the term £ articles of furniture movable in their nature, although attached by screws, nails, brackets, etc. See also, Lawrence v. Kemp, 1 Duer, 363 ; McKeage v. Hanover Fire Ins. Co., 16 Hun, 239, affd., 81 N. Y., 38. In Camagy v. Woodcock, 2 Mundf. Va. R., 234, the phrase ‘ household goods ’ is defined as more comprehensive than ‘furniture,’ including everything in and about the house that has usually been held and enjoyed therewith, and would tend to the comfort and accommodation of the householder. See also, 9 Am. & Eng. Enc. of Law, 782, note 3; Paton v. Sheppard, 10 Sim., 186 ; Manning v. Purcell, 2 Sim. & G., 284. The expression ‘household goods,’ includes every article of personal property in the house or on the premises, intended for ornament, use or consumption (Dayton v. Tillow, 1 Robt., 21), even coal and wood provided for the use of the family. In re Fraser, 92 N. Y., 239. Those articles do not lose their generic character by being placed in a saloon or store, unless the intention to exclude them - from the operation of the term ‘ household goods ’ is made apparent, and that is not so here. It is the species of property rather than the temporary use made of it that determines its true character under the statute. So considered it follows that ‘ gas fixtures ’ are by force of the Acts of 1885 and 1886, supra, taken out of the operation of the Acts, 1884, supra, requiring conditional sale agreements to be filed. The Acts of *180 1885 and 1886 were passed in the interest of those who sell ‘ household goods ’ on the installment plan, and must be liberally construed to effectuate their purpose. The objection that a duplicate copy of the agreement was not delivered to Woolf was not made at the trial, when it might have been obviated, and cannot be raised for the first time now (cases cited in 33 State R., 425.)
Hess, Townsend & McClelland, for appellant, argued:—
That gas fixtures as they were placed and in use were not household goods. The evidence shows that they were chandeliers purchased for and used in a liquor saloon. The affidavit df the purchaser, Albert E. Woolf, upon the mortgage in evidence, shows that he resided at No. 1081 Lexington avenue. Aside from the authorities hereinafter cited it seems self-evident that goods, in order to be household goods, must be used in, or in some way connected with a household. Bouvier defines “ household” as follows : “ Those who dwell under the same roof and constitute a family.” Webster defines the same word as “ belonging to the house and family; domestic.” In 21 Albany Law Journal, page 83, see note of case Calhoun v. Williams, it is said: “The term :household’ literally means the inmates of the house, the family ; those whom the house holds.” Merchandise, in order to be household furniture, must in some way be used by, or relate to a family. The authorities are clearly to the effect that certain articles may be household goods, or not, depending upon the use to which they are applied. For example, plate used in a family passes under a devise or conveyance of “ household goodsbut plate not used in a family will not so pass. *181 See Bouvier’s Law Dictionary, title “ Household furniture,” and cases cited. A shotgun will so pass if it is kept for the defence of the house. Matter of Frazer 92 N. Y., 246. If otherwise it will not pass. American and English Encyclopedia of Law, volume 9, title “ Household,” note 3. In Dayton v. Tillou 1 Rob. 21, Robertson, J., after stating that “ household goods” * # * fairly embraces articles commonly used in a family, says (see on page 28): “ A testator may, however, render other things household goods or household furniture by his use of them. Books belonging’ to a well-filled library, wines in a well-stored cellar, paintings and statues in a large gallery, curiosities of an extensive museum, numerous specimens belonging to a well-selected mineralogical or other collection may not be or may be household goods or furniture, according to their connection with the owner’s residence and his own and his family’s habitual use of or access to them.” In American and English Encyclopedia of Law, vol. 9, title 1, “ Household,” the following propositions are stated as settled by the authorities cited: “ Household furniture, etc., includes only what is in domestic use and not articles which are in the way of testator’s trade or business.” “ Where a man owned a hospital, in a town other than that of his residence, which he employed, under contracts with the naval commissioners, in entertaining the sick and wounded of the navy, the furniture of this hospital was not included in the expression ‘ household goods ’ as used in an exception in a marriage settlement with his wife, by which she renounced her claim upon his property.” “ Beds and furniture used by the testatrix in a boarding-school kept by her, and in which she lived, passed under her will as household furniture, but the schoolroom furniture, as the desks, etc., would not have passed.” “ Liquors, bar furniture and beds for guests in an inn are not household goods, within the meaning of the rule that it is not a badge of *182 fraud to permit household goods levied upon in execution to remain in the debtor’s possession.” It seems clear, therefore, from the authorities cited that articles which may be “ household goods ” when used in the family for its comfort and convenience, are not household goods when used for other purposes. The case of Dayton v. Tillou, above cited, is very nearly in point. In that case Thomas Reilly at one time was the keeper of a public house where he resided with his family. The house was furnished, and, in addition to the furniture, there was a collection of curiosities kept there as an attraction for guests. Subsequently he leased the public house with the furniture and removed with his family to another residence which was furnished. Some of the furniture, pictures and curiosities were removed by him to his residence and others were left at the public house temporarily, to be removed when he desired. Upon the death of Mr. Reilly he bequeathed to his wife “ all the household goods and household furniture of every kind and description.” It was held that under the bequest his wife took the furniture in the house which he occupied and such pictures and curiosities as were left temporarily at the public house, to be removed at his pleasure ; but she did not take the furniture, pictures or curiosities which were designed to be left for use at the public house. The court held that she was entitled: 1st. To the articles which had been removed from the public house to his own home and used in his family. 2d. To the articles which he had left at the public house temporarily, intending to remove them to his home, and which were not used as ornaments of the public barroom; and says (see on page 29): “ The silver plate mentioned in the inventory annexed to the answer which had not been used in the testator’s private residence, curiosities not found there, large vessels suitable only for a hotel, as well as billiard tables, with, their appurtenances, used at the hotel, do not pass under *183 the bequest.” The case last cited will be found to fully support the defendant’s contention.
*180 “ If the construction aforesaid be correct the verdict in favor of the plaintiff was properly directed, and the motion for a new trial must be denied.”
Abram Kling, for respondent, argued :—
The language of the statute which provides “That the contracts for the sale of household goods shall not be required to be filed, has reference to gas fixtures sold by the plaintiff to Woolf. In 9 American and English Encyclopedia of Law (note 3), 782, the word household goods is defined to be “ all articles of household of a permanent nature, articles which are not consumed in their use and enjoyment, and which are used in, or acquired by the testator for his house.” In Camagy n. Woodcock, 2 Munf. (Va.), 234, the word household goods is defined as a wider term than furniture, including everything in and about the house that has usually been held and enjoyed therewith, and would tend to the comfort and accommodation of the householder. In Dayton v. Tillou, 1 Robt., 21, the word household goods has been defined by the general term of this court as embracing pictures, statues and a collection of curiosities were embraced in the words household goods. In ifclie Matter of Fraser, 92 N. Y., the Court of Appeals held: “ That coal and wood for use of the family and a shot-gun came under the term of household property.” In Paton v. Shepperd, 10 Sim., 186, tenant’s fixtures in a leasehold house, occupied by the testator, were held to pass as household furniture. In Manning v. Purcell, 2 Sim. & G., 284: A tavern-keeper whose dwelling-house is remote from his tavern, but whose family frequented the latter as much as the former, by the use of the term “ household furniture ” in his will, passes the furniture of the tavern. In Richardson v. Hall, 124 Mass. Courts, the Supreme Court held “that bronze statuary and pictures were included in the terms household property.” If the plaintiff furnished Woolf with lamps instead of “ gas fixtures ” there can be no *184 question that they would have been regarded as household goods, and under the statute gas fixtures must be considered as necessary for the benefit of a householder as lamps. The law of 1886 was enacted for the benefit of the person who sold household goods, which would have been such goods or chattels which ínay be used for household purposes, and must be liberally construed, and as these fixtures are to illuminate the house, it must under decisions cited supra be so regarded. The fact that a party buying household goods uses them for purposes other than the household, does not deprive the owner of the property of his right and protection which the statute affords him.
Per Curiam.
The judgment and order should be affirmed, with costs, upon the opinion filed by the trial judge on denying defendant’s motion for a new trial.