## MOLT v. BAUMANN.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. AGENCY—HUSBAND AND WIFE—EVIDENCE—FORMER TRANSACTIONS.

In an action for damages on a contract for the sale of real estate, executed by a husband in his own name, and alleged to have been executed by him as agent for his wife, it was error to allow evidence that on previous occasions, in contracts for the sale of real estate, the husband had acted as his wife's agent.

2. VENDOR AND VENDEE—EXECUTORY CONTRACT—TENDER OF DEED.

In an action for damages on a contract for the sale of real estate, in which the plaintiff had agreed to convey a clear title, he was not entitled to recover on evidence that at the time of the tender of the deed there were unpaid assessments on the property.

Appeal from municipal court, borough of Brooklyn, First district.

Action by Marie Molt against Kate Baumann. From a judgment in plaintiff's favor, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

George E. Miner, for appellant.
Bruce R. Duncan, for respondent.

GOODRICH, P. J.  This action is for $200, stipulated damages in the penalty clause of a contract for the sale of real estate.  The contract was signed by the husband of the defendant in his own name, but the plaintiff alleges that the contract was the contract of the defendant, executed by the husband as her agent.

I do not deem it essential to analyze the evidence upon the contention of the appellant that the judgment is against the weight of evidence, as substantial errors in the ruling of the court appear upon the record.

The plaintiff offered evidence that upon previous occasions in contracts for the sale of real estate the husband had acted as agent for the wife.  Schumaker, the broker, testified to several other contracts, one of them with Berg.  On a subsequent motion to strike out the evidence, the court ruled out all the testimony of the plaintiff except the statement that the defendant's husband signed the first contract in the Berg matter.  This ruling left before the court the testimony that Schumaker, the broker, negotiated the Berg sale of property for the defendant and her husband, and that the defendant's husband signed the contract therefor.  This, as before stated, remained in evidence, and was offered for the purpose of showing that in a transaction similar to the one before the court the husband had acted as agent of the wife, in order that the court might draw the inference that what was done on that occasion was done in the case at bar.  But, even if the court excluded the entire testimony by Schumaker as to the subject, similar error appears in the plaintiff's cross-examination of the defendant's husband.  This testimony was admitted over the objection of the defendant that it was incompetent, irrelevant, and immaterial.

The testimony was remote and speculative, and it is not legal proof of the agency of the husband for the wife in this particular contract.  The opinion in Duryea v. Vosburgh, 121 N. Y. 57, 24 N. E. 308, and the reasoning in Green v. Disbrow, 56 N. Y. 334, and McLoghlin v. Bank, 139 N. Y. 514, 523, 524, 34 N. E. 1095, seem to be conclusive on the point.  It cannot be said that this evidence did not influence the decision of the justice.

Again, the evidence of tender of a deed by the plaintiff to the defendant was insufficient.  The plaintiff was to convey a clear title.  The plaintiff admitted that at the time of the tender of the deed there were unpaid assessments upon the property, so that it was not free and clear of incumbrances at that time.

For these errors the judgment should be reversed.

Judgment of the municipal court reversed, and new trial ordered, costs to abide the event.  All concur.