(83 App. Div. 130.)

BALDINGER et al. v. LEVINE.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. CONDITIONAL SALES—CONTRACT—FILING.
　　Gas fixtures are "household goods," within the meaning of the lien law (Laws 1897, p. 541, c. 418, § 115, as amended by Laws 1898, p. 1019, c. 354), which declares that, when contracts for the conditional sale of "household goods" are executed and delivered in duplicate, the provisions relating to the filing thereof shall have no effect.

2. SAME—UNNECESSARY FILING—EFFECT.
　　The filing of a contract of conditional sale, where not necessary under the lien law, could not operate as constructive notice.

3. MECHANIC'S LIEN—FORECLOSURE—PARTIES.
　　In an action against builders to foreclose a mechanic's lien it was not necessary to join as parties defendant persons who had furnished gas fixtures for the building under an alleged contract of conditional sale, whereby ownership was to remain in the vendors until payment in full.

4. APPEAL—HARMLESS ERROR—PRESUMPTION.
　　It rests with the respondent to show that the erroneous admission of evidence on the trial below was harmless.

¶ 4. See Appeal and Error, vol. 3, Cent. Dig. § 4051.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action for conversion by Louis Baldinger and another against Isaac Levine. Judgment for plaintiffs. Defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Joseph Rosenzweig, for appellant.
Miles Rosenbluth, for respondents.

WOODWARD, J. Prior to March 22, 1902, the plaintiffs delivered to the firm of Glickman Bros., builders, certain gas fixtures, which that firm thereupon installed in buildings then being erected by them in the city of New York. Subsequently an action was brought against Glickman Bros. by certain of that firm's creditors, strangers to this action, to foreclose a mechanic's lien on the premises where the gas fixtures had been hung, and the defendant took title to the said premises, with the appurtenances and improvements thereon, by referee's deed made pursuant to the judgment of foreclosure and sale in said action on March 22, 1902. The contest at the trial was as to the title to the said gas fixtures under the contract of sale thereof by the plaintiffs to Glickman Bros. the plaintiffs contending that contract was a conditional one, ownership remaining in the vendors until payment of the purchase price in full, which it was conceded had not been made; and the defendant meeting this contention with evidence that the sale to Glickman Bros. was absolute in its terms. It is urged on this appeal that the plaintiffs did not show their ownership and right to possession of the gas fixtures by a sufficient preponderance of evidence to entitle them to a judgment against the defendant for conversion of the property. There is a square conflict in the evidence upon the subject of the contract between the plaintiffs and their vendees, and a careful examination of the record so strongly suggests that the judgment escapes being contrary to the weight of evidence by the narrowest margin that any evidence improperly admitted over the defendant's objection must have been materially prejudicial to the defendant. We think the defendant's exceptions in at least two instances require a reversal of the judgment.

The trial court admitted in evidence, over the defendant's objection, a copy of the alleged conditional agreement of sale which was filed in the register's office on the 22d day of October, 1902, some six months after the date of the execution of the original agreement, "for the purpose of showing," as was stated by the plaintiffs' counsel, "that the defendant in this action had notice of the existence of the claim to the gas fixtures in the premises he had purchased after the filing of this paper." But it appears that this contract was executed and delivered in duplicate, and it is expressly provided in the lien law (Laws 1897, p. 541, c. 418, § 115, as amended by the Laws of 1898, p. 1019, c. 354), that, when contracts for the conditional sale of household goods are so executed and delivered, the provisions relating to the filing shall have no application; and "gas fixtures" such as were the subject of this contract are "household goods" within the meaning of that term as used in the lien law. Iden v. Sommers

(Super. N. Y.) 18 N. Y. Supp. 189, affirmed, Id. 779; Kerby v. Clapp, 15 App. Div. 37, 40, 44 N. Y. Supp. 116. The filing being unnecessary, it could not operate as constructive notice; and yet it is easy to see how a doubt might have been created in the minds of the jurors as to the defendant's bona fides; how this paper, with the statement of counsel when it was offered in evidence, might have suggested a design on the part of the defendant wrongfully to get possession of the plaintiff's property. We think the admission of this paper was error.

Again, the judgment roll in the action against Glickman Bros. to foreclose the mechanic's lien was offered in evidence "for the purpose of showing that the plaintiffs in this action were not made defendants in the action to foreclose the mechanic's lien under which the defendant got title to the property." We think the defendant's exception to the admission of this judgment roll as evidence raises another point of error. Obviously, the plaintiffs in this action were not proper parties defendant in that action. This is true on the plaintiffs' own theory of a conditional sale. They at best had only a contingent interest in the property, which they themselves insist formed no part of the realty. The inevitable suggestion to the jury by this evidence, and again by the remarks of counsel, was that the defendant had obtained possession of the plaintiffs' property by a high-handed proceeding, regardless of the plaintiffs' rights. We think this also was error.

It is by no means impossible that this evidence may have had some effect upon the determination of the jury. "It rests with the respondent to show that it was harmless, and could by no possibility have prejudiced the defendant." People v. Koerner, 154 N. Y. 355, 376, 48 N. E. 730, citing Greene v. White, 37 N. Y. 405, 407; Stokes v. People, 53 N. Y. 164, 13 Am. Rep. 492; People v. Greenwall, 108 N. Y. 296, 303, 15 N. E. 404, 2 Am. St. Rep. 415. The plaintiffs have not sustained this burden. The judgment should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.