### ABRAMS v. MANHATTAN CONSUMERS' BREWING CO.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. EVIDENCE—RELEVANCY—INDEPENDENT TRANSACTIONS.

    On an issue as to whether defendant, by oral contract, agreed to pay plaintiff commissions upon sales to a certain named customer, a prior written contract between the parties, by the terms of which plaintiff was to receive commissions upon sales to another customer, was incompetent.

Appeal from City Court of New York, Trial Term.

Action by Joseph M. Abrams against the Manhattan Consumers' Brewing Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Paskus & Cohen, for appellant.
Steuer & Hoffman, for respondent.

FITZGERALD, J. Conceding that there is sufficient evidence in this record to support the verdict, a proposition not entirely free from doubt, the judgment must nevertheless be set aside for error in allowing in evidence, against defendant's objection, the paper marked "Plaintiff's Exhibit A," to which ruling an exception was duly taken. The issue litigated upon the trial was: Did the defendant, by oral contract, agree to pay the plaintiff commissions upon defendant's sales to a customer named Oscherin? And the paper in question (plaintiff's exhibit A) is a prior written contract between the same parties, by the terms of which plaintiff was to receive commissions upon defendant's sales to Adolf Heurad.

The evidence of the plaintiff was wholly uncorroborated and positively contradicted, and it would be difficult to hold that the admission of this irrelevant paper did not prejudice defendant. That such evidence, though more or less morally convincing, is not legally competent, has been held in many cases. Molt v. Baumann, 65 App. Div. 445, 72 N. Y. Supp. 832; Baldinger v. Levine, 83 App. Div. 130, 82 N. Y. Supp. 483; McLoghlin v. Mohawk Valley Bank, 139 N. Y. 514, 34 N. E. 1095; People v. Koerner, 154 N. Y. 355, 48 N. E. 730.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.